Dr. Clyde **DEAL**, an Individual, North Pacific Medical Center, Inc., a professional Alaska corporation, Plaintiffs,

v.

**LUTHERAN HOSPITALS & HOMES,**
d/b/a Kodiak Island Hospital,
Defendant.

No. A89–005 Civ.

United States District Court,
D. Alaska.

July 31, 1989.

Charles A. Winegarden, Kodiak, Alaska, for plaintiffs.

Meredith A. Ahearn, Hagans, Brown, Gibbs & Moran, Anchorage, Alaska, for movant Dr. Rene Alvarez.

Ronald L. Bliss and Philip J. Moberly, Bradbury, Bliss & Riordan, Anchorage, Alaska, for defendant.

### ORDER

HOLLAND, Chief Judge.

Motion for Production of Documents and for Reconsideration

The court has now before it plaintiffs' motion to compel the production of certain

documents from a non-party witness from whom the records in question were duly subpoenaed. The motion is opposed. Oral argument has been requested but is deemed unnecessary in light of the narrow issue which the subject motion presents.

Plaintiffs have sought, through a subpoena *duces tecum,* the production of fee schedules, records of gross income from surgical or medical services during 1987 and 1988, and records of expenses incurred by Dr. Alvarez for those years. The witness was represented by counsel in connection with the subpoena and subsequent deposition proceedings. No objection or motion to quash was filed before the deposition with respect to the subpoena.

Dr. Alvarez was served with the subpoena some nineteen days prior to the response date. Dr. Alvarez appeared at Kodiak with counsel at the time specified in the subpoena and was deposed. He produced the records required by the subpoena, but declined to permit inspection and copying of those documents detailed above. The substance of the objection was that the records contained confidential, commercial information which would be of competitive value to others. Plaintiff Deal attended the deposition personally, having travelled from the State of Iowa. A representative of defendant travelled to the deposition from Fairbanks, and defense counsel travelled to the deposition from Anchorage.

Plaintiffs' primary argument in support of their motion to compel production is that any possible objections were waived by reason of the absence of any objection to the subpoena. Plaintiffs refer the court to Rule 45(d)(1), Federal Rules of Civil Procedure, which provides in pertinent part:

> The person to whom the subpoena is directed may, within 10 days after the service thereof or on or before the time specified in the subpoena for compliance if such time is less than 10 days after service, serve upon the attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials except pursuant to an order of the court from which the subpoena was issued. The party serving the subpoena may, if objection has been made, move upon notice to the deponent for an order at any time before or during the taking of the deposition.

Plaintiffs cite no other authority, and in particular cite no authority on the waiver contention which they make.

Counsel for Dr. Alvarez, in opposing this motion, simply asserts that he "properly and timely objected to the production of the material requested at the deposition...." Defendant does not otherwise address the waiver issue.

Professors Wright and Miller (9 C. Wright & A. Miller, *Federal Practice & Procedure* § 2458 at 442 (1971)) provide no insight into what if any consequences should attend the failure to make an objection "within 10 days after service" of the subpoena. Likewise, the commentary which accompanied the 1970 amendment to Rule 45(d)(1) which incorporated the last-quoted language is silent on the subject of waiver. In his treatise, Professor Moore offers the following, somewhat cryptic, discussion of the issue now before the court:

> Rule 45(d)(1) provides that if a person served with a subpoena calling for the production of documents or tangible things for inspection and copying at the taking of his deposition objects, he shall within 10 days, or in the event the date for appearance and production is less than 10 days from the date of service, then within the date set for the appearance and production, serve his objections. If he serves a timely objection, the documents or tangible things may not be inspected or copied except on order of the court issuing the subpoena. This procedure, substantially the same as that provided for under Rule 34 governing inspection of documents in the custody or control of parties independent of the taking of a deposition, appears designed to carry into discovery by subpoena the pattern of extrajudicial operation of discovery procedures under Rules 33, 34, and 36. It appears unlikely, then, that it

was contemplated that objection could be raised under Rule 45(b) at any time before or at the time specified for compliance.[*] Terminology should not control, however, and so long as the time limit specified in Rule 45(d)(1) is observed, it appears to make no difference whether a motion to resolve such issues is labeled as made under Rule 26(c) or Rule 45(b). 5A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 45.05[3] at 45–40 to –41 (2d ed. 1989) (text of footnote 20 from quoted material is set out below; other footnotes omitted).

The court construes Rule 45(d)(1) to require a nonparty deponent served with a subpoena *duces tecum* to object with respect to production of documents or things for inspection and copying "within 10 days after the service" of the subpoena where, as in this case, the subpoena was served upon the deponent more than ten days prior to the compliance date.

The court is not unmindful of the fact that the foregoing result could be harsh in the case of an unsophisticated deponent who is not represented by counsel. The court assumes that the deponent in this instance is not unsophisticated; and, more importantly, he was represented by counsel.

It appears to the court that on principle, and except to avoid manifest injustice, procedures under Rule 45(d)(1) and under Rules 33, 34, and 36 should be similar, if not identical. Both Professor Moore and the commentary on the 1970 amendment to Rule 45(d)(1) suggest that proceedings under Rule 45 should be parallel to those under the other discovery rules. Rule 33, Federal Rules of Civil Procedure, having to do with interrogatories, makes provision for objections; and the law is well settled that the failure to timely file objections to the interrogatories under Rule 33 results in a waiver of objections which might otherwise be available. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981). The result which the court reaches here will parallel the result which it would reach had the request for documents in question been directed to a party, under Rule 34, rather than a non-party.

Finally, there is a practical consideration to the foregoing. The deposition in question was taken at Kodiak, Alaska. The parties and counsel travelled from very considerable distances to attend the subject deposition, only to find out that it could not be completed because of an unresolved objection. In all probability, the deposition will have to be rescheduled. Were the objections of Dr. Alvarez made timely under Rule 45(d)(1), all concerned would have been on notice that there was a difficulty, and the parties themselves could have resolved the difficulty (or, failing that, could have sought relief from the court) to the end that unnecessary expense and inconvenience to the parties would have been avoided.

In consideration of the foregoing, plaintiffs' motion to compel is granted.

Plaintiffs also moved for sanctions. The motion to impose sanctions is denied. Although the language of Rule 45(d)(1) is unequivocal, there appears to be a dearth of authority on the precise question which has been raised here, and local practice may have failed to observe the letter of Rule 45(d)(1). The court believes that counsel for Dr. Alvarez proceeded in good faith, if in error, and without any motivation to disrupt or delay discovery.

\*    \*    \*    \*    \*    \*

---

\* The text of footnote 20 reads:

It is to be noted in this connection that Rule 45(b) requires that the motion to quash or modify be made "promptly and in any event at or before the time specified in the subpoena for compliance therewith." While the management of discovery is largely in the discretion of the district court, and undoubtedly the court has power to consider a motion made within the letter of the rule, or for that matter, made out of time, it seems probable that at least when the objection is to inspection or copying, as it is in the case of privilege, rather than to the burden of bringing the documents or things to the deposition, the court would tend to measure promptness by the 10–day period set forth in the rule.

See *United States v. International Business Machines Corp.* (SD NY 1976) 70 FRD 700 (absent circumstances justifying delay, Rule 45(b) objection must be served before time set for compliance in the subpoena).

After issuance of the foregoing ruling on May 31, 1989, the court received a motion seeking reconsideration of the court's order compelling Dr. Alvarez to produce the documents in question. The motion is made on the grounds that the court has misconstrued the requirements of Rule 45(d)(1), Federal Rules of Civil Procedure, as it applies to a non-party witness. The motion for reconsideration is opposed by the plaintiffs. Oral argument has not been requested and the court does not deem oral argument necessary to disposition of the motion.

Dr. Alvarez contends that Rule 45(d)(1) provides that an objection to a subpoena, commanding the person to whom it is directed to produce and permit inspection and copying of materials, can be made at any time before or during the taking of the deposition. In support of his argument, Dr. Alvarez relies on a learned treatise which states:

> When the production of documents is sought at the taking of a deposition of a witness not a party, the problem is slightly different. Rule 45(d)(1) provides that the person to whom the subpoena is directed may serve objections to the inspection and copying of the documents or things called for in the subpoena, leaving the party seeking production to move the court to compel inspection and copying, but it provides specifically that such a motion can be made at any time before or during the taking of the deposition. It is clear, then, that the service of objections to inspection and copying under Rule 45(d)(1) does not excuse the production of materials at the taking of the deposition.

5A *Moore's Federal Practice* § 45.05[3] at 45–44 (2d ed.1989). Apparently, Dr. Alvarez has seized upon the portion of the above-quoted language which states, "but it provides specifically that such a motion can be made at any time before or during the taking of the deposition." Dr. Alvarez misperceives the thrust of the last-quoted phrase. This language refers to the party seeking production and, read in the context of the preceding sentence, pertains to a motion to compel production. It has no

application to a party objecting to the production of materials. Thus, Dr. Alvarez's motion for reconsideration is based on a misunderstanding of Professor Moore's treatment of Rule 45(d)(1).

For the foregoing reasons the motion to reconsider is hereby denied, and the court's ruling in favor of Plaintiffs' motion to compel is confirmed.