JAYNE H. LEE, INC.

v.

FLAGSTAFF INDUSTRIES CORP.

Civil Action Nos. MJG–96–1058, MJG–96–2899.

United States District Court, D. Maryland.

June 16, 1997.

Richard D. Rosenthal, Kaplan, Heyman, Greenberg, Engelman & Belgrad, P.A., Baltimore, MD, for plaintiff.

Levin & Gann, P.A., Baltimore, MD, for defendant.

## *MEMORANDUM*

GRIMM, United States Magistrate Judge.

By Order dated May 9, 1997, this case was referred to me to determine all discovery disputes. Before the Court are defendant's Motion to Compel and Request for Sanctions (Paper No. 38), and plaintiff's response thereto (Paper No. 40). For reasons which follow, I will grant the Motion to Compel. I will also order plaintiff's counsel to show cause within 14 days why sanctions should not be imposed against him for his clear violations of the letter and spirit of the Federal Rules of Civil Procedure and Local Rules and Discovery Guidelines of this Court.

## BACKGROUND

On December 30, 1996, defendant Flagstaff Industries Corporation, ("Flagstaff") propounded Interrogatories and a Request for Production of Documents on plaintiff Jayne H. Lee, Inc. ("Lee"). Responses to these requests were due on February 3, 1997, but, at the request of plaintiff's counsel—who needed additional time to provide discovery due to the illness of his wife—the deadline was subsequently extended by agreement of counsel. Paper No. 38 at 1. Having not received the requested discovery, on April 3, 1997, defendant's counsel renewed his request that plaintiff produce the requested documents and answer defendant's interrogatories. In a letter dated April 7, 1997, plaintiff's counsel responded that, although he had compiled the requested discovery, he would not produce it because he did not believe that defendant's responses to his previous discovery requests were adequate.[1] Paper No. 40, exhibit 2. Defendant's Motion to Compel predictably followed.

## DISCUSSION

The tendency of counsel to ignore the deadlines imposed by the rules of civil procedure for responding to discovery requests is not an unusual occurrence. As will be seen, however, the Federal Rules of Civil Procedure and Local Rules and Discovery Guidelines of this Court provide clear guidance regarding when and how requests for discovery must be answered, and counsel disregard these rules at their peril.

### A. Discovery By Interrogatories

It is common in the practice of civil litigation to underestimate the value of interrogatories as a method of discovery. Those who exalt the deposition as the most useful form of discovery often overlook the clear advantages interrogatories have to offer. Interrogatories are a comparatively inexpensive form of discovery. They are an effective means of identifying individuals with personal knowledge of facts relevant to the litigation who may then be deposed. Interrogatories enable a party to flesh out the major facts supporting his or her opponent's case, which is particularly useful in light of the "notice" pleading permitted by Fed.R.Civ.P. 8. Properly drafted, "contention interrogatories," for example, can help pin down an opponent's legal theories in a case as well as the primary facts supporting them.[2] Because Fed.R.Civ.P. 33(a) does not permit interrogatories to be served on non-parties, and Fed.R.Civ.P. 33(b)(2) requires interrogatory answers to be signed by the person making them, interrogatories are a useful way of obtaining admissions under Fed.R.Evid. 801(d)(2) from an opposing party, or statements which may be used to impeach by prior inconsistent statements under Fed.R.Evid. 613. Interrogatories allow a party to identify the existence of expert witnesses, or other witnesses who will offer opinion testimony at trial. Similarly, they allow a party to identify the existence of documents, their custodians and their general description. Interrogatory answers can provide all or part of the factual basis to support or oppose a motion for summary judgment under Fed.R.Civ.P. 56(e). Finally, Fed.R.Civ.P. 26(e) requires the seasonable amendment of interrogatory answers throughout the pretrial phase of the litigation if the party answering the interrogatory learns that the previously submitted response is in some material respect incomplete, incorrect, or if additional or corrective information not previously disclosed has been

1. Plaintiff's counsel, however, did not file a motion to compel in accordance with Fed.R.Civ.P. 37(a)(2)(B) and Local Rule 104.8.

2. Contention interrogatories are permitted by Fed.R.Civ.P. 33(c), which provides that "[a]n interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or *contention* that relates to fact or the application of law to

fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time." (Emphasis added). *See also Jones v. Goldstein,* 41 F.R.D. 271 (D.Md.1966) (citing cases); 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2167 (2d ed.1994).

discovered.[3]

Because interrogatory answers frequently serve as the foundation for additional discovery by way of depositions, document production requests and requests for admissions of fact, interrogatories are most helpful when propounded and answered early in the litigation, and their usefulness seems to be directly proportional to the amount of time remaining before a discovery cutoff arrives. If a party served with interrogatories fails to answer them on time, or at all, or fails to answer the questions completely and responsively,[4] such action can have a spiraling effect on the future scheduling of discovery, and inject into the litigation collateral disputes which typically require the intervention of the court to resolve. Thus, for interrogatories to work as intended by the drafters of the rules of civil procedure, it is essential that counsel who receive them act with diligence and good faith, and submit timely, responsive and complete answers.

The Federal Rules of Civil Procedure and the Local Rules of this Court prescribe the timing of when interrogatories may be initiated and when they must be answered. Local Rule 104.4, which implements Fed.R.Civ.P. 26(d), provides that if Fed.R.Civ.P. 26(a)(1) applies, discovery, including interrogatories, shall be stayed until the requisite initial disclosures have been made. Where Fed.R.Civ.P. 26(a)(1) does not apply, under Local Rule 104.4, discovery is stayed until the scheduling order has been entered by the court unless otherwise ordered by the court or agreed upon by the parties.

Once propounded, however, Fed.R.Civ.P. 33(b)(3) mandates that answers and objections to the interrogatories be filed "within 30 days after the service of the interrogatories." The failure to meet this deadline can be costly. Fed.R.Civ.P. 37(d) and Local Rule 104.8 permit a party who propounded interrogatories, but did not receive answers or objections, to file an immediate motion to compel and for sanctions.[5] Additionally, Fed.R.Civ.P. 33(b)(4) provides that any ground for objecting to an interrogatory which a party receives is waived if not timely stated (i.e. within 30 days of service), unless the failure to object is excused by the court for good cause shown. *See, e.g, Davis v. Fendler,* 650 F.2d 1154, 1160 (9th Cir.1981); *Cahela v. Bernard,* 155 F.R.D. 221, 226 (N.D.Ga.1994); *Federal Deposit Insurance Corp. v. Benjes,* 1992 WL 792856 (D.Kan. 1992); *Scott v. Arex, Inc.,* 124 F.R.D. 39, 41 (D.Conn.1989); *Chubb Integrated Sys., Ltd. v. National Bank of Washington,* 103 F.R.D. 52, 61–62 (D.D.C.1984). *See generally,* 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2173 (2d ed.1994). Thus, a party who ignores the 30 day deadline for responding to interrogatories risks the imposition of immediate sanctions from the court, and loses the right to object to the interrogatories, unless the court excuses the failure to timely answer.[6]

Despite the severe consequences which may flow from tardy or evasive/incomplete answers to interrogatories, or an outright failure to answer, it is also a truism of civil litigation that interrogatories are seldom an-

---

**3.** *See generally* 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2163 (2d ed.1994).

**4.** Fed.R.Civ.P. 37(a)(3) provides that an evasive or incomplete answer to an interrogatory is treated as a failure to answer or respond.

**5.** Fed.R.Civ.P. 37(a)(2)(B) requires the motion to compel to include a certification that the movant has in good faith conferred or attempted to confer with the party who has failed to respond, in an effort to resolve the dispute without court intervention. *See also* Local Rule 104.7. If answers/objections have been filed, but are considered to be inadequate by the party propounding the interrogatories, he or she may file a motion

requesting that the court issue an order compelling appropriate responses to the interrogatories. Fed.R.Civ.P. 37(a)(2)(B). However, Local Rule 104.8 sets forth specific procedures to be followed by counsel prior to filing such motions to compel with the court.

**6.** Because Fed.R.Civ.P. 37(a)(3) states that an evasive or incomplete answer to an interrogatory is treated as a failure to answer or respond, and rule 33(b)(4) provides that a failure to object to an interrogatory is waived if not timely made, a party who answers an interrogatory in an incomplete or evasive manner, without having objected to it, will have waived the ability to do so if, upon ruling on a motion to compel, the court directs that the interrogatory be answered.

swered on time, for the simple fact that it is often very difficult to do so within 30 days.[7] Where interrogatories cannot be timely answered, the common practice is for counsel to agree to provide each other with extensions of time, as allowed by the Federal Rules of Civil Procedure and Discovery Guidelines of this Court. Fed R. Civ. P. 33(b)(3), for instance, permits the parties to agree in writing to a longer time in which to answer interrogatories, provided Fed.R.Civ.P. 29 is complied with.[8]

Similarly, Discovery Guideline 8 provides that parties are expected to make good faith efforts to respond to discovery requests within the time prescribed by the Federal Rules of Civil Procedure, but establishes a procedure for counsel to obtain additional time in which to respond to outstanding discovery. The Guideline recognizes the difficulties facing counsel when trying to answer discovery within the short time period imposed by the rules of procedure, and provides a simple, fair method of obtaining reasonable extensions of time in which to respond. It is not contemplated, however, that the use of this procedure will be exploited for the purpose of further dilatory delay.

■ Discovery Guideline 8(a) provides that absent exigent circumstances, an attorney seeking additional time to respond to a discovery request shall contact opposing counsel as soon as practical after receipt of the discovery request, but not later than three days before the response is due. The guideline further provides that a request for additional time which does not conflict with a scheduling deadline imposed by the Federal Rules of Civil Procedure, Local Rules or an order of the court should not be unreasonably refused. If the request is granted, the guideline provides that the requesting party "shall promptly prepare a writing which memorializes the agreement which shall be served on all parties but need not be submitted to the court." It is implicit that the lawyer who has requested, and received, the professional courtesy of an extension of time in which to answer interrogatories has a concomitant professional obligation to meet the agreed upon extended deadline. Indeed, the failure to do so absent extenuating circumstances may well violate Rule 3.4(d) of the Rules of Professional Conduct.[9]

## B. Discovery by Request for Production of Documents

As with interrogatories, answers to requests for production of documents are also subject to frequent abuse during pretrial discovery. Fed.R.Civ.P. 34 is quite straightforward. It provides that a party may serve on another party a request setting forth individual items or categories of documents which the initiating party wishes to inspect. The request must specify a reasonable time, place and manner of making the inspection. The timing of when such requests may be initiated is governed by the same rules of procedure and Local Rules as discussed above with respect to interrogatories.

Once a party receives a request for production of documents, Fed.R.Civ.P. 34(b) is very clear about what must be done. This rule requires that a written response shall be served within 30 days after the service of the request for production of documents.[10] The response "shall state, with respect to each item or category, that inspection and related activities will be permitted *as requested,* unless the request is objected to, in which event the reasons for the objection shall be stated."

7. Things are better now than they once were. Prior to 1970, a party who was served with interrogatories had to file objections within ten days of service, and answer unobjectionable interrogatories within 15 days. *See generally* 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2170 (2d ed.1994).

8. Fed.R.Civ.P. 29 governs written stipulations regarding discovery procedure, and permits the parties to modify the deadlines for responding to discovery by stipulation, provided they do not interfere with any time set for completion of discovery, for hearing a motion, or trial, absent permission from the court.

9. Rule 3.4(d) provides that a lawyer shall not "in a pretrial procedure, make a frivolous discovery request or fail to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party."

10. Absent a stipulation or court order permitting a longer time in which to respond.

Fed.R.Civ.P. 34(b) (emphasis added). As Professor Wright states, the process is supposed to be fairly simple:

> the party wishing to inspect documents or tangible things ... merely serves on the other party a request that this be permitted, setting forth what it wishes to see and when, where, and how it wishes to examine it. The opponent must serve a response, either saying that the request will be granted or stating reasons why it objects to the request. If the request is granted, the inspection will take place without any involvement of the court. If the request is objected to, it is for the discovering party to decide whether to pursue the matter further. If it decides to do so, it can make a motion under Rule 37(a) that the court compel the inspection sought. On that motion the court will consider the reasons why inspection was objected to and determine whether to order inspection.[11]

With respect to the response which must be filed to a request for production of documents, Professor Wright states:

> [t]he simplest response is one saying that the discovery sought by the request will be allowed at the time and place and in the manner specified by the request. Or it may be that the responding party will say in its request that it is willing to permit the discovery but at a different time or place or in a different manner than that requested. Unless the difference in time, place, or manner is of unusual importance this is likely to be satisfactory to the requesting party and the discovery will be had without court intervention.[12]

In reality, however, this simple procedure is often ignored. Instead, some attorneys comply with half of what Rule 34(b) requires—they file a written response, but do not agree to the requested time, place and manner of production, or, as Professor Wright suggests, propose a reasonable alternative method. Rather, they give the vague assurance that the requested documents will be produced "in the future at a mutually agreeable time and place." This practice assures continued wrangling and negotiating before the documents ultimately are produced, and usually, in the process, the party who was obligated to respond will insist upon extracting some reciprocal concession from the opposing party for doing that which Rule 34(b) already required him or her to do. This, of course, frequently derails the discovery process, because parties often wait to schedule depositions until after document production has occurred.

Worse still, some attorneys employ the foregoing procedure in a calculated effort to manipulate the rules of procedure, reasoning that by serving a written response, albeit one which does not comply with Rule 34(b), they are insulated by Local Rule 104.8 from a motion to compel being filed immediately with the court. This is because Local Rule 104.8 provides that, when a response to a request for production of documents has been served, a party dissatisfied with the response must serve a motion to compel on the responding party (but not file the motion with the court) within 20 days of receipt of the response. The responding party then has 14 days to serve the propounding party with a memorandum in opposition, after which the propounding party has 11 days in which to file a reply memorandum. If this exchange of memoranda does not resolve the dispute, counsel must them confer with one another in accordance with Local Rule 104.7 in a further effort to resolve the dispute. If unsuccessful, the moving party may then file a certificate with the court attesting to having held the conference required by Local Rule 104.7, along with the motion to compel, the opposition memorandum and any reply. Local Rule 104.8. It does not take much imagination to see that this process delays for a minimum of one month (and often much longer) the time in which the propounding party may seek the assistance of the court in obtaining the production of documents requested.

---

**11.** 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2207 at 386–87. (2d ed.1994).

**12.** 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2213 at 425 (2d ed.1994).

However, those who practice this artifice should beware. Fed.R.Civ.P. 37(a)(3) provides that an evasive or *incomplete* answer or response to a discovery request, including a request for production of documents, "is to be treated as a failure to disclose, *answer, or respond.*" (Emphasis added). Thus, a response to a request for production of documents which merely promises to produce the requested documents at some unidentified time in the future, without offering a specific time, place and manner, is not a complete answer as required by Rule 34(b) and, therefore, pursuant to Rule 37(a)(3) is treated as a failure to answer or respond. The procedures set forth in Local Rule 104.8 are therefore inapplicable, and the moving party is free to file a motion to compel and for sanctions pursuant to Fed.R.Civ.P. 37(a), if good faith efforts to resolve the dispute with the opposing party have failed.[13]

In short, there are only three appropriate responses to a request for production of documents: (1) an objection to the scope, time, method and manner of the requested production; (2) an answer agreeing to the requested scope, time, place and manner of the production; or (3) or a response offering a good faith, reasonable alternative production, which is definite in scope, time, place or manner.[14]

Finally, as with interrogatories, Fed.R.Civ.P. 34(b) mandates that a response must be filed within 30 days. An attorney unable to meet this deadline may request additional time pursuant to Discovery Guideline 8.a, discussed above.

## C. Counsel's Refusal to Provide Discovery in the Present Case

In this case, counsel for the plaintiff was unable to respond on time to the interrogatories and requests for production of documents filed by the defendant because of his wife's illness. Accordingly, he requested an extension of time in which to do so. Counsel for the defendant granted this request, as simple human decency and professional courtesy required him to do. Thereafter, however, counsel for the plaintiff did not respond in kind. Instead, he asserted that he was dissatisfied with the response by the defendant to the interrogatories and requests for production of documents which the plaintiff had filed, and, without ever seeking to file a motion to compel following a conference with counsel for the defendant, unilaterally decided to hold the plaintiff's discovery responses hostage until he obtained discovery responses which met his satisfaction. This was a flagrant violation of both the letter and spirit of the Federal Rules of Procedure, Local Rules, and Discovery Guidelines discussed above.

In response to the pending Motion to Compel, plaintiff's counsel does not contest that he should produce the requested discovery. He neither disputes that he has not responded to defendant's interrogatories and request for documents nor that this discovery is in his custody or control. He does not debate that a response would now be untimely, or that the discovery requests were properly served. In fact, counsel does not even challenge the discoverability of the requested information. Instead, counsel continues to argue that two wrongs make a right, and that his client should not be compelled to produce the requested discovery because the defendant has not adequately responded to plaintiff's discovery requests. Paper No. 40 at 4. Plaintiff's counsel therefore asks that I deny defendant's motion and, as an alternative to compelling his client to provide the requested discovery, that I require both parties to simultaneously make a mutual exchange of discovery. Paper No. 40 at 4. Seldom have I heard a less persuasive argument.

---

**13.** Fed.R.Civ.P. 37(a)(2)(B) supports this result. It provides, relevantly, that if a party fails to respond to a document production request *by agreeing to the production as requested*, or fails thereafter to *permit the inspection as requested* the propounding party may file a motion to compel with the court, accompanied by a certificate that there have been good faith efforts to resolve the dispute before filing the motion.

**14.** A party may file a hybrid answer, which objects to some of the requested production, while answering the unobjectionable portions. Fed. R.Civ.P. 34(b).

■ Plaintiff's counsel may not convert pretrial discovery into a game of brinkmanship, and I certainly will not bless this practice by entering the type of order plaintiff's counsel now advocates. It is clear under the text and spirit of the discovery rules that the existence of a discovery dispute as to one matter is not a ground to delay or withhold the taking of other discovery. Local Rule 104.3 (D.Md.1995). If plaintiff's counsel believes that defendant's answers to his client's interrogatories are inadequate or that the defendant is otherwise withholding requested discovery, his remedy is to file a Motion to Compel under Rule 37.[15] He may not retaliate and hold his client's interrogatory answers and responsive documents hostage. Defendant's Motion to Compel is granted. *Accord, Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 594, 600 (W.D.N.Y. 1996); *Sanders v. Canal Insurance Co.*, 1996 WL 571839, at *1 (D.Or.1996).

■ The defendant requests sanctions. I will hold this portion of defendant's motion *sub curia*, and order that plaintiff's counsel show cause no later than 14 days from the date of this Memorandum as to why sanctions should not be imposed. Fed.R.Civ.P. 37(d). In the meantime, I do hold that the plaintiff's total failure to respond in a timely fashion to the defendant's interrogatories operates as a waiver to any objections, other than based on privilege,[16] to the interrogatories which were served on the plaintiff. In addition, the plaintiff shall provide answers to the defendant's interrogatories which are fully responsive and complete, within ten days of this Memorandum and Order. Further, he shall serve a response to the defendant's request for production of documents within ten days of this Memorandum and Order which states a time, place and manner in which the requested production will take place, which shall be within 30 days of the date of this Order.

Upon review of the parties' submissions on this dispute, I am concerned that counsel have lost direction in moving this case through discovery. Accordingly, I will additionally enter an Order requiring counsel to schedule a telephone conference with me to address all pending or potential discovery disputes. Prior to the conference, counsel are to confer in good faith, and provide me with a written list of all unresolved discovery disputes, within ten days of this memorandum and order. Also, within ten days they shall contact my chambers to schedule the telephone conference call.

For the foregoing reasons, defendant's Motion to Compel is GRANTED. A separate Order shall issue.

15. I do not have before me the defendant's response to the plaintiff's request for production of documents, nor do I have a proper motion to compel answers to the plaintiff's interrogatories. Should such a motion be filed, I would review the conduct of the defendant's attorney against the same rules and guidelines discussed above. At present, however, I simply do not have sufficient facts to determine whether counsel for the defendant behaved appropriately or not, and I will not speculate about whether he did. Upon reading this Memorandum and Order, it would be prudent for him to engage in a critical examination to see whether his client's responses comply with the letter and spirit of the rules and guidelines I have discussed, and if not, to take swift remedial action.

16. If the plaintiff asserts any objections to the defendants interrogatories based upon privilege, he shall scrupulously comply with the requirements of Fed.R.Civ.P. 26(b)(5) and Discovery Guideline 9(c). There is authority for the proposition that the failure to timely respond to interrogatories also operates as a waiver of subsequent claims of privilege. *See* 8A Charles A. Wright, Arthur R. Miller *& Richard L. Marcus, Federal Practice and Procedure* § 2173 at 295–96 (2d ed.1994) (notes that there is "no reason to make an exception to the usual principle requiring timely objection."). This rule, however, I find is too draconian.