Stephen PHAM, as personal represen-
tative of the estate of Louis Diep
Pham, et al., Plaintiffs,

v.

HARTFORD FIRE INSURANCE
COMPANY, Defendant.

No. CIV.A. 98–WM–1833.

United States District Court,
D. Colorado.

June 16, 2000.

William Muhr, David Harper, Law Firm of William Muhr, Colorado Springs, CO, for Plaintiff/Petitioner.

J. Scott Lasater, Edward M. Allen, Lasater & Associates, PC, Littleton, CO, for Defendant/Respondent.

### ORDER

BOLAND, United States Magistrate Judge.

This matter is before me on plaintiffs' **Motion for Entry of Default or, In the Alternative, an Extension of Time to Designate Experts and Provide Expert Reports** (the "Discovery Motion"). The Discovery Motion

originally was filed July 13, 1999, and was denied by Magistrate Judge Donald E. Abram.[1] The plaintiffs objected to Judge Abram's Order, and on March 30, 2000, Judge Walker D. Miller sustained the objection and referred the Discovery Motion to me "to determine whether sanctions against defendant are appropriate or whether the discovery period should be reopened." The Discovery Motion is GRANTED IN PART and DENIED IN PART.

## 1. Adequacy of Defendant's Rule 26(a)(1) Initial Disclosures

Plaintiffs first complain that the defendant has not satisfied its obligation to make initial disclosures under Fed.R.Civ.P. 26(a)(1). In general, Rule 26(a)(1) requires a party to disclose the following information, among other things, without the necessity of a discovery request:

A. The name, address, and telephone number of each individual likely to have discoverable information relevant to disputed facts;

B. A copy or a description of all documents and things in the party's possession, custody, or control that are relevant to disputed facts; and

C. A copy of any insurance agreement which may be available to satisfy part or all of any judgment which may be entered in the case.

In this case, plaintiffs have received from Erwin Ovidid Guerra an assignment of any rights he may have against Hartford Fire Insurance Company ("Hartford") for breach of an insurance contract, bad faith breach of that insurance contract, and exemplary damages. Plaintiffs' complaint alleges that Mr. Guerra was an employee of OSP Consultants, Inc. ("OSP"); that Mr. Guerra was involved in an auto accident in which Louis Diep Pham was killed and other of the plaintiffs were injured; that OSP's business auto policy, issued by Hartford, covered Mr. Guerra at the time of the auto accident; and that Hartford improperly refused to provide such coverage. The complaint alleges claims against Hartford for breach of contract, bad faith breach of contract, and willful and wanton breach of contract. The complaint also alleges with particularity, at paragraph 40, the following facts:

Despite clear language within the Defendant's policy and its broad form endorsement providing coverage to Plaintiff Guerra, Defendant denied coverage to Plaintiff Guerra and denied that Plaintiff Guerra had a right to be indemnified under the policy, without a reasonable basis for its denial; and Defendant knew that its denial was unreasonable or recklessly disregarded that fact. Defendant Hartford further acted in bad faith by favoring the interest of the insurance company over the interest of the insured.

Thus, the complaint puts at issue, with particularity, Hartford's decision to deny coverage in the face of the specific language of the insurance policy.

Hartford's initial disclosure listed as individuals likely to have discoverable information the plaintiffs, people involved in the auto accident, and *one* Hartford employee—Jeff Powell of Hartford's office in Englewood, Colorado. Hartford's initial disclosure also listed *one* document as relevant to the disputed facts—OSP's business auto policy. On its face, Hartford's initial disclosure must be read as indicating that Mr. Powell alone made the decision to deny coverage based solely on the language of the insurance policy; that no one else was consulted or involved in that decision; and that there is no written communication, internally or between Hartford, OSP, or Mr. Guerra, concerning that decision. If that is so, Hartford's initial disclosure satisfies the requirements of Fed. R.Civ.P. 26(a)(1). If not, Hartford has failed to meet its disclosure obligation.

To the extent that there are other individuals "likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings" that Hartford has not identified, and other documents, data complications, and tangible things in the pos-

---

**1.** Magistrate Judge Abram retired in February 2000, and the case was referred to me by Minute

Order dated February 22, 2000.

session, custody, or control of Hartford "that are relevant to disputed facts alleged with particularity in the pleadings," I order that Hartford to supplement its disclosure in full conformity with the requirements of Fed. R.Civ.P. 26(e).

### 2. Adequacy of Defendant's Responses to Written Discovery

■ Plaintiffs also complain that Hartford has not properly responded to their written discovery. The file indicates that plaintiffs served interrogatories and production requests on Hartford on March 30, 1999. Hartford's responses were due 33 days later, on or before May 3, 1999. On May 28, 1999, the plaintiffs sought to modify the Scheduling Order to extend all deadlines by 90 days, based in part on the fact that Hartford had not responded to the written discovery.[2] Judge Abram denied the request to extend the Scheduling Order deadlines, *see* Minute Order dated June 1, 1999, but ordered that "[d]efendant shall respond to outstanding discovery no later than June 10, 1999." *Id.* I can find no explanation for Hartford's failure to respond to the written discovery by May 3, 1999. In particular, no motion to extend time to respond was filed. There is no indication that an informal extension was granted by plaintiffs' counsel, but any such agreement would be ineffective in any event. D.C.COLO.LR 7.1M ("No agreement of counsel to shorten or extend any time limitation provided by the federal rules of civil ... procedure ... will be recognized or enforced, nor will such an agreement be considered just cause for failing to perform within the time limits established by those rules. Only time variances specifically approved by court order upon motion made within the time limits prescribed by those rules will be recognized as having any binding or legal effect").

Rule 33(b)(3), Fed.R.Civ.P., requires that a party upon whom interrogatories are served "shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories." Rule 33(b)(4) speci-

fies a sanction for failure to make objections in a timely manner:

> Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.

*See Byrd v. Reno,* 1998 WL 429676 at *4 (D.D.C. Feb.12, 1998) ("A failure to file a timely objection to interrogatories constitutes a waiver of any objection unless good cause is shown"); *Jayne H. Lee, Inc. v. Flagstaff Industries Corp.,* 173 F.R.D. 651, 653 (D.Md.1997) ("Fed.R.Civ.P.33(b)(4) provides that any ground for objecting to an interrogatory ... is waived if not timely stated (i.e. within 30 days of service), unless the failure to object is excused by the court for good cause shown"); *Casson Const. Co., Inc. v. Armco Steel Corp.,* 91 F.R.D. 376, 379–80 (D.Kan.1980) ("Having failed to answer or make specific legitimate objections to particular interrogatories within the time allowed, defendants were held to have waived objections to all the interrogatories"); *see generally* 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure: Civil 2d* § 2173 at pp. 293–94 ("In the absence of an extension of time, failure to object within the time fixed by the rule is a waiver of any objection").

Similarly, a failure to object to requests for production of documents within the time permitted by the federal rules has been held to constitute a waiver of any objection. For example, in *Byrd v. Reno,* the court reasoned:

> Federal Rule of Civil Procedure 34, pertaining to requests for production of documents, does not contain a similar automatic waiver provision [as found in Fed.R.Civ.P. 33(b)(4)] as a consequence of failing to file a timely objection, but there is no reason to give it a dissimilar interpretation. To the contrary, the federal courts have held that a failure to file an objection to a request for production of documents may be deemed a waiver.

1998 WL 429676 at *4. *See also Deal v. Lutheran Hospitals & Homes,* 127 F.R.D.

---

2. It is unclear to me why plaintiffs filed a motion to extend deadlines but no motion to compel discovery. Where, as here, a party fails to pro-

vide discovery as required by the federal rules of civil procedure, the remedy is to file a motion to compel under Fed.R.Civ.P. 37.

166, 168 (D.Alaska 1989) (holding that procedures respecting failures to assert timely objections should be similar under Fed. R.Civ.P. 33 (interrogatories), 34 (production requests), 36 (admission requests), and 45(d)(1) (subpoenas to produce documents)).

In this case, Hartford did not assert any objections to plaintiffs' interrogatories or production requests within the 33 days permitted by the federal rules; no motion to extend the time within which to respond to those requests was filed; the objections were first asserted 71 days after the discovery was served, and then only in response to Judge Abram's Minute Order; and no explanation or attempt to articulate good cause for the delay ever has been offered by Hartford. Based on these facts, I conclude that Hartford waived its right to assert any objections, including the attorney-client privilege, to Plaintiffs' First Set of Interrogatories to Defendant and Plaintiffs' First Set of Request for Production of Documents to Defendant.

█ I am aware of authority holding that a waiver of the attorney-client privilege should not be imposed based merely upon a party's failure to assert the objection within the time provided by the federal rules. *See, e.g., First Savings Bank v. First Bank System, Inc.,* 902 F.Supp. 1356, 1361–65 (D.Kan. 1995); *Jayne H. Lee, Inc.,* 173 F.R.D. at 657 n. 16. Under the facts of this case, however, I conclude that Hartford has waived the attorney-client privilege. Specifically, in response to plaintiffs' Interrogatory No. 6,[3] which seeks details about all contacts between Hartford, on the one hand, and OSP and/or Mr. Guerra, on the other hand, Hartford responded, in part:

> There have been numerous contacts between OSP and attorneys hired by the Hartford. To the extent the term agent encompasses the attorneys, any communication is privileged and not subject to disclosure.

I reject Hartford's attempt to invoke the attorney-client privilege in this response. As a starting point, Fed.R.Civ.P. 26(b)(5) requires:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Hartford's objection was not timely. Even when made, however, it failed to satisfy the requirements of Rule 26(b)(5). To the contrary, Hartford's boilerplate objection fails to identify the lawyers for the Hartford involved in the conversations, the people present during the conversation, and a description of the·nature of the communication sufficient to enable plaintiffs to assess the applicability of the claimed privilege. Nor can Hartford's failure to make the required showing to establish the existence of the privilege be later excused because the communication is then shown to be subject to privilege. *Peat, Marwick, Mitchell & Co. v. West,* 748 F.2d 540, 542 (10th Cir.1984).

In addition, after review of the interrogatories and production requests and Hartford's responses and objections, I conclude that with one exception none of the requests are patently improper and, therefore, the requested discovery must be made. *See Godsey v. United States,* 133 F.R.D. 111, 113 (S.D.Miss.1990) (although.all objections may be deemed waived, the "more prudent course" is to examine the discovery to assure that no request is "patently improper"). For purposes of providing the parties with guidance and to avoid any further dispute, I offer the following comments:

*Interrogatory No. 2—Identity of officers of Hartford:* The defendant is to supply to names and last known addresses of the corporate officers who held each office at the time the claim for coverage was made and when Hartford denied coverage.

---

**3.** Hartford's response to Interrogatory No. 6 is the only attempt by Hartford to assert the attor-ney-client privilege.

*Interrogatory No. 3—Educational and professional information about Hartford corporate officers:* The defendant shall provide the requested educational and professional information about the corporate officers.

*Interrogatory No. 5—Names and addresses of former Hartford employees:* The defendant shall provide names and last known addresses of the former employees responsive to the interrogatory. If Hartford cannot ascertain the former employees who were "responsible to handle the claims arising out of the Hartford Fire Insurance Company's liability automobile insurance policy," it shall identify all employees who may have had that responsibility.

■ *Interrogatory No. 6—Details of contacts between Hartford and OSP or Guerra:* Hartford's response by reference to "what has already been disclosed in the underlying civil action filed in Denver District Court," is insufficient. *See Starlight Int'l Inc. v. Herlihy,* 186 F.R.D. 626, 640 (D.Kan.1999)(holding that an interrogatory answer that merely incorporates by reference deposition testimony is an insufficient response). Hartford is to answer the interrogatory "separately and fully in writing under oath," all as required by Fed.R.Civ.P. 33(b)(1).

*Interrogatory No. 7—Details of Hartford's decision to deny coverage:* Hartford has adequately answered the initial question contained in Interrogatory No. 7, stating that it denied coverage "because Mr. Guerra was not in the course and scope of his employment at the time of the accident." The fact that plaintiffs disagree with the basis for denying coverage does not make the answer inadequate. The response to subpart (b) is not complete, however, because Hartford has not provided the name, address, and employment information for "Ms. McCoy" or her "supervisor," who are identified as the only persons "participating in the decision." Similarly, the answer to subpart (c) of the interrogatory appears to be an incomplete answer, providing information only about materials that "documented" the coverage decision. The interrogatory seeks the identification of all documents "reflecting the decision process," which includes at least

materials preliminary to the letters "documenting" the decision, if any.

*Interrogatory No. 8—Statements obtained by Hartford:* The defendant shall answer the interrogatory and provide all requested information concerning any statements it obtained relating to the facts and events which underlie plaintiffs' claims. Here, as in its response to Interrogatory No. 6, a reference to information provided is another lawsuit is insufficient.

*Interrogatory No. 9—Other lawsuits:* The relevance of the identity of other lawsuits by other plaintiffs over five years involving denial of coverage is minimal to the development and presentation of the plaintiffs' claims. In addition, Hartford asserts that it does not maintain records which allow it to identify responsive information. In view of these facts, I will not require Hartford to provide any further response to this interrogatory.

*Interrogatory No. 12—Identity of Hartford's subsidiary corporations:* The defendant shall answer the interrogatory with information accurate as of the date of the claim and denial of coverage at issue in this case.

*Interrogatory No. 13—Assertion of defense of advice of counsel:* The defendant shall answer the interrogatory by stating directly whether it will claim as a defense "good faith reliance on advice of counsel" and, if so, it shall provide all additional information requested.

*Interrogatory No. 14—Identity of witnesses:* I do not agree that the interrogatory is unintelligible. One of the primary purposes of D.C.COLO.LR 7.1A, requiring consultation before filing a motion, at least in the context of discovery disputes, is to allow the parties to clarify any uncertainty or misunderstanding about the meaning, intent, and scope of disputed discovery requests. Consequently, and parties are to consult, as necessary, to clarify the intent of the interrogatory. The defendant shall then fully answer the interrogatory.

*Interrogatory No. 15—Identity of persons interviewed by Hartford:* The defendant claims not to have interviewed any person "as that term [interviewed] is commonly de-

fined." Discovery is not a game of semantics. Any uncertainty about the scope of the interrogatory should have been resolved by informal consultation, pursuant to D.C.COLO.LR 7.1A. The defendant shall answer the interrogatory by disclosing the requested information for all people interviewed, spoken to, corresponded with, from whom a statement was taken, etc.

*Interrogatory No. 16—Policies subject to claims for bad faith:* The defendant shall fully answer the interrogatory.

*Interrogatory No. 17—History of policy:* Plaintiffs shall specify the change or amendment referred to in the interrogatory. I do not agree with Hartford's assertion that the portion of the interrogatory asking if previous claims have been made under the policy is "unintelligible," but I direct the parties to work together to clarify any uncertainty about the information sought. *See* D.C.COLO.LR 7.1A. Thereafter, the defendant shall answer the interrogatory fully.

*Interrogatory No. 18—Identity of person processing claim:* The defendant's responses to subparts (e) and (h) obviously are not complete. The defendant shall fully answer these subparts.

*Production Requests 1–5:* The defendant shall produce all responsive documents.

**3. The Necessity To Reopen Discovery**

The defendant has failed to satisfy its discovery obligations. Consequently, I order discovery reopened and establish the following schedule:

1. Defendant shall supplement its initial disclosures (if necessary) and provide discovery consistent with this Order on or before **June 28, 2000;**

2. The parties shall designate experts and provide opposing counsel with all information specified in Fed.R.Civ.P. 26(a)(2) on or before **August 18, 2000;**

4. The parties shall designate rebuttal experts and provide opposing counsel with all information specified in Fed. R.Civ.P. 26(a)(2) on or before **September 8, 2000.**

5. The discovery cut-off date is extended to **September 22, 2000.**