**Raul RAMIREZ, Plaintiff,**

v.

**COUNTY OF LOS ANGELES, et al., Defendants.**

**No. CV 04–6102GAF (FMOX).**

United States District Court, C.D. California.

Aug. 15, 2005.

Michael H. Artan, Los Angeles, Michael J. Olecki, Grodsky & Olecki, Santa Monica, Michael Sobel, Los Angeles, for Plaintiff.

Patrick Hurley, Manning & Marder Kass Ellrod & Ramirez, for Defendants.

## ORDER Re: DISCOVERY MOTION

OLGUIN, United States Magistrate Judge.

The court has reviewed and considered all the briefing filed with respect to plaintiff's Motion to Compel Production of Documents ("Motion"), and concludes that oral argument is not necessary to resolve this matter. *See* Fed.R.Civ.P. 78; Local Rule 7–15; *Willis v. Pac. Mar. Ass'n,* 244 F.3d 675, 684 n. 2 (9th Cir.2001).

## INTRODUCTION

Plaintiff Raul Ramirez ("plaintiff" or "Ramirez") was arrested by defendant Frank Bravo ("Bravo") and prosecuted for kidnapping and attempted rape of a teenage girl. Plaintiff was acquitted and a finding of factual innocence was entered by the state court. (Joint Discovery Stipulation on Plaintiff's Motion to Compel Production of Documents ("Joint Stip.") at 7–8). As a result of the arrest and trial, plaintiff was imprisoned for over ten months and lost his job as a special education teacher. He alleges that he suffered public humiliation and is still enduring ongoing psychological trauma. (*Id.* at 2–3).

Following his acquittal, plaintiff filed this case pursuant to 42 U.S.C. § 1983, against the County of Los Angeles ("County"), the Los Angeles County Sheriff's Department ("LASD"), and Bravo, a Detective with LASD, alleging civil rights violations for false arrest and false imprisonment, malicious prosecution, emotional distress and claims under Cal. Civ. Code § 52.1. Specifically, plaintiff contends that Bravo violated his constitutional rights by, among other things: (1) withholding exonerating information; (2) providing false and misleading information in a (successful) attempt to obtain arrest and search warrants; (3) providing false or misleading information to the Los Angeles District Attorney's Office during the prosecution of the underlying criminal case; (4) intimidating plaintiff with threats of physical harm during plaintiff's custodial interrogation; and (5) tainting the reliability and credibility of the complaining witness in the case by incorrectly conducting a photographic lineup. (Joint Stip. at 6). Plaintiff further contends that the policies and procedures of defendants LASD and the County resulted in Bravo being improperly trained, supervised and/or disciplined. (*Id.*).

On July 13, 2005, the parties filed the instant Joint Stipulation relating to plaintiff's Motion. Plaintiff seeks discovery relating to the personnel records of Bravo.

## DISCUSSION

### I. DEFENDANTS' OBJECTIONS.

■ Before addressing the specific discovery requests, the court will briefly discuss some of defendants' objections, many of which the court believes are without merit. First, it is well-settled that all grounds for objection must be stated with specificity. *Davis v. Fendler,* 650 F.2d 1154, 1160 (9th Cir.1981). Most of defendants' objections are too general to merit consideration and are therefore waived. *See Casson Const. Co. v. Armco Steel Corp.,* 91 F.R.D. 376, 379 (D.Kan.1980); *In re Folding Carton Antitrust Lit.,* 83 F.R.D. 260, 264 (N.D.Ill.1979). The parties can assume that the court has determined that any objection not discussed in this Order has been overruled because it is too general to merit consideration. *See Allianz Ins. Co. v. Surface Specialties, Inc.,* 2005 WL 44534, *2, 2005 U.S. Dist. LEXIS 301, *6 (D.Kan. Jan. 7, 2005) ("The familiar litany of general objections, including overly broad, burdensome, or oppressive, will not alone constitute a successful objection to an interrogatory, nor will a general objection fulfill the objecting party's burden to explain its objections.").

■ Second, "[i]f a party fails to file *timely* objections to [discovery] requests, such a failure constitutes a waiver of any objections which a party might have to the requests." *Krewson v. City of Quincy,* 120 F.R.D. 6, 7 (D.Mass.1988) (citations omitted) (emphasis in original); *see also Pham v. Hartford Fire Ins. Co.,* 193 F.R.D. 659, 661 (D.Colo.2000) (concerning document requests); *Richmark Corp. v. Timber Falling Consultants,* 959 F.2d 1468, 1473 (9th Cir.), *cert. dismissed,* 506 U.S. 948, 113 S.Ct. 454, 121 L.Ed.2d 325 (1992) ("[F]ailure to object to discovery requests within the time required constitutes a

waiver of any objection."). Therefore, the court will not consider any objections that were not asserted in the responding party's original discovery responses, *i.e.*, it will not consider objections raised for the first time in the Joint Stipulation.

## II. DOCUMENT REQUEST NOS. 18, 19 AND 20 PROPOUNDED TO DEFENDANT LASD AND REQUEST NO. 2 PROPOUNDED TO DEFENDANT BRAVO.

Document request nos. 18 and 19 seek all documents regarding citizen and departmental complaints of improper conduct against Bravo from 1994 to the present and any disciplinary action taken against Bravo. (Joint Stip. at 9–10). Request No. 20 seeks all documents relating to any disciplinary action taken against Bravo as a result of the underlying Ramirez criminal case. (*Id.* at 10). Request No. 2 seeks from Bravo all documents regarding all complaints filed against him from 1994 to the present. (*Id.* at 11).

■ Although defendants raise a number of objections based on state law, they also state that they "are willing to submit any documents that are responsive to [the subject requests] to the Court for an in camera review." (Joint Stip. at 10–11). Under the circumstances, the court does not believe that it is necessary to conduct an in camera review of the subject documents because defendants did not comply with requirements to invoke the official information privilege.

■ Under Fed.R.Civ.P. 26(b)(5), a party who withholds discovery materials because of a claim of privilege or work product protection must notify the other party that it is withholding material. 1993 *Notes of Adv.*

*Comm. to Fed.R.Civ.P. 26(b)*. The party who withholds discovery materials must provide sufficient information (*i.e.*, a privilege log) to enable the other party to evaluate the applicability of the privilege or protection. *Id.; see also Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir.1992). Failure to provide sufficient information may constitute a waiver of the privilege. *See Eureka Fin. Corp. v. Hartford Accident & Indem. Co.*, 136 F.R.D. 179, 182–83 (E.D.Cal. 1991) (a "blanket objection" to each document on the ground of attorney-client privilege with no further description is clearly insufficient); *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir.1984) (*per curiam*), *cert. dismissed*, 469 U.S. 1199, 105 S.Ct. 983, 83 L.Ed.2d 984 (1985) (attorney-client privilege waived when defendant did not make a timely and sufficient showing that the documents were protected by privilege).

■ Here, defendants failed to follow the procedures set forth in *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D.Cal.1987) and *Miller v. Pancucci*, 141 F.R.D. 292 (C.D.Cal. 1992) for invoking the official information privilege. In particular, they failed to submit a declaration or affidavit, under oath or penalty of perjury, from a responsible official within the agency who has personal knowledge of the principal matters to be attested to in the affidavit or declaration "*at the time it files and serves its response to the discovery request.*"[1] *Miller*, 141 F.R.D. at 300; *Kelly*, 114 F.R.D. at 669 (emphasis added). The *Miller* and *Kelly* requirements "are required of those who seek to invoke the 'official information' privilege in federal question cases." *Miller*, 141 F.R.D. at 300. Defendants never submitted a declaration from a responsible official within the agency who

---

1. The affidavit or declaration must contain:
 (1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality (if the agency has shared some or all of the material with other governmental agencies it must disclose their identity and describe the circumstances surrounding the disclosure, including steps taken to assure preservation of the confidentiality of the material), (2) a statement that the official has personally reviewed the material in question, (3) a specific identification of the govern-

mental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer, (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interest, (5) and a projection of how much harm would be done to the threatened interests if the disclosure were made.
*Miller*, 141 F.R.D. at 300 (quoting *Kelly*, 114 F.R.D. at 670).

has personal knowledge of the principal matter, and they submitted their privilege log only after plaintiff initiated the meet-and-confer process. As the *Miller* court stated, "should the threshold requirements not appear in the papers, the privilege assertion will be overruled in its entirety and complete disclosure will be ordered." *Id.* at 301.

Defendants' failure to comply with the requirements for invoking the official information privilege renders it difficult for the court "to make a reasoned assessment of the weight of the interests against and in favor of disclosure." *Miller*, 141 F.R.D. at 300. As the *Miller* Court stated:

> This procedure is essential since the Court is ill-equipped to make any intelligent decisions as to discoverability during an *in camera* inspection when it has insufficient information from the resisting party as to why disclosure should not be permitted.

*Id.* at 301. Indeed, "[t]hese requirements *must* be satisfied before the Court will apply any balancing test to determine discoverability of government information." *Id.* at 300 (emphasis added).

■ Without a declaration from the appropriate official that, among other things: (1) specifically identifies the governmental or privacy interests that would be threatened by disclosure; (2) specifically describes how disclosure of the requested information *in this case* would be harmful; (3) describes how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests; and (4) provides a projection of how much harm would be done to the threatened interests if the disclosure were made, *Miller*, 141 F.R.D. at 300, the court is not in a position to evaluate defendants' attempt to invoke the official information privilege.

Even assuming defendants had properly invoked the official information privilege, the court would still conclude that the requested information is not protected by the privilege. In their discovery responses, defendants, other than generally asserting that the requested information is protected by the official information privilege and other state law privileges, do not set forth any interests that

might be implicated in the disclosure of the requested documents. (*See* Joint Stip. at 9–11). In their Supplemental Brief in Opposition to Plaintiff's Motion to Compel Production of Documents ("Defendants' Supp. Memo."), defendants do not identify any interests that require the documents to be withheld on the basis of the official information privilege. Instead, defendants merely challenge the scope of plaintiff's discovery requests and urge the court to conduct an in camera inspection. (*See* Defendants' Supp. Memo. at 3–4).

■ Although the court may, of course, take into account legitimate privacy interests that might be implicated in the disclosure of documents and information, privacy concerns are not absolute; they must be weighed against other competing interests. *Kelly*, 114 F.R.D. at 656, 660–61. In the present case, any legitimate privacy concerns are outweighed by the interests favoring disclosure. Judge Weinstein summarized the issue of privacy with respect to police officers who are defendants in civil rights suits:

> Most information requested by civil rights plaintiffs in these lawsuits deals with professional personnel records, such as prior involvement in disciplinary proceedings or citizen complaints filed against the officers. The privacy interest in this kind of professional record is not substantial, because it is not the kind of "highly personal" information warranting constitutional safeguard. The privacy interest in nondisclosure of professional records should be especially limited in view of the role played by the police officer as a public servant who must be accountable to public review.
>
> Some requests might touch on intuitively more private domains, such as an officer's psychiatric history, but even disclosures having "some effect on individual liberty or privacy" because of their personal nature are permissible when disclosure serves important public concerns.

*King v. Conde*, 121 F.R.D. 180, 191 (E.D.N.Y.1988) (citations omitted); *see also Welsh v. City of San Francisco*, 887 F.Supp. 1293, 1299 (N.D.Cal.1995) ("California stat-

utes governing the release of police personnel files ... do not create privacy interests on the part of individual witnesses or officers because they were not enacted to protect such interests"); *Garrett v. City of San Francisco*, 818 F.2d 1515, 1519 n. 6 (9th Cir.1987) (personnel files are discoverable in federal questions cases despite claims of privilege); *Ceramic Corp. of America v. Inka Mar. Corp.*, 163 F.R.D. 584, 589 (C.D.Cal. 1995) ("In recent years, the courts have routinely ordered the production of personnel files of third parties in employment discrimination and police brutality cases.").

■ Finally, defendants appear to raise two objections regarding the scope of the discovery requests. First, defendants object that plaintiff's discovery requests are overly broad in seeking all discipline and personnel complaints against Bravo, regardless of the subject matter and relevance to plaintiff's allegations. (Joint Stip. at 23–24; Defendants' Supp. Memo at 3–4). Plaintiff's allegations against Bravo individually and LASD are extensive and allege systemic failures. Bravo's history with LASD is an important element of plaintiff's case and such information is not available from other sources. *See, e.g., Taylor v. Los Angeles Police Department*, 1999 WL 33101661 at *4 (C.D.Cal. 1999) ("Complaints against officers ... may show, among other things, the character or proclivity of such officers toward violent behavior or possible bias."). Such documents would also help establish a pattern or practice of both Bravo and LASD in situations where professional conduct is called into question. Further, such documents would bear upon LASD's notice of Bravo's previous alleged misconduct and/or responses to such alleged misconduct. For example, complaints or discipline for excessive force are relevant to plaintiff's allegation that Bravo threatened him physically during a custodial interrogation. Finally, it is clear that, at a minimum, such documents are reasonably calculated to lead to the discovery of admissible evidence.

Second, defendants object to the temporal scope of the requests, claiming that information prior to 1995 should not be produced because under Rule 609 of the Federal Rules of Evidence, there is a presumption that felony convictions older than ten years are not admissible. (Joint Stip. at 24). This argument is unpersuasive. Under the circumstances, the court is persuaded that the requested information is relevant to plaintiff's claims or, at a minimum, likely to lead to the discovery of relevant, admissible evidence. Moreover, two of plaintiff's requests are limited to 1994, only one year more than defendants are willing to provide.[2]

In short, defendants' vague assertions relating to the official information privilege do not specifically show how harm would occur if the information in this particular case is disclosed. Moreover, defendants have not attempted to make any showing why the alleged interests and/or harms could not be accommodated with a narrowly tailored protective order.

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Motion to Compel Production of Documents (Document No. 13) is granted. No later than August 26, 2005, counsel for the parties shall submit to the court a proposed protective order covering the subject document requests. Plaintiff's counsel shall prepare the initial draft of the protective order and submit it defendants' counsel within three days of receipt of this Order. Defendants shall produce the documents (from January 1, 1994 to the present) within five (5) days of the court's execution of the proposed protective order.

2. The parties should note the following in preparing their proposed protective order. First, the protective order must be narrowly tailored and cannot be overbroad. Therefore, the documents, information, items or materials that are subject to the protective order shall be described in a meaningful fashion (*e.g.*, "employee evaluations," "personnel complaints," or "disciplinary records"). It is not sufficient to use conclusory terms.

**2.** The court will apply the 1994 date limitation to the other two requests, which do not have date limitations.

Second, the parties should not include any language in the protective order that restricts or otherwise limits the use of confidential information at trial without first seeking an order from the district judge assigned to the case. In general, once a case proceeds to trial, all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of a protective order becomes public and will be presumptively available to all members of the public, including the press, unless good cause is shown to the district judge in advance of the trial to proceed otherwise.

Finally, the court will not agree that any pleading, paper or other document filed with the court which contains or discloses confidential information may be filed under seal. The parties must comply with Local Rule 79 in developing a procedure where only the confidential portions of papers filed with the court are filed under seal.

