**TECHNITROL, INC., Plaintiff,**

v.

**DIGITAL EQUIPMENT CORPORA-TION et al., Defendants.**

**Nos. 70 C 2916, 71 C 1082.**

United States District Court,
N. D. Illinois, E. D.

Dec. 28, 1973.

S. C. Yuter, Yuter & Fields, New York City, Robert L. Harmon, Hume, Clement, Hume & Lee, Ltd., Chicago, Ill., for plaintiff.

Melvin M. Goldenberg, McDougall, Hersh & Scott, Chicago, Ill., Robert A. Cesari, Cesari & McKenna, Boston, Mass., for Digital Equipment Corp.

Gerald Rose, Wolfe, Hubbard, Leydig, Voit & Osann, Ltd., Chicago, Ill., Morris

Relson, Darby & Darby, New York City, for Ex-Cell-O Corp.

Alfred H. Plyer, Jr., Parker, Plyer & McEachran, Chicago, Ill., Karl A. Limbach, Limbach, Limbach & Sutton, San Francisco, Cal., for Memorex Corp.

William M. Wesley, Neuman, Williams, Anderson & Olson, Chicago, Ill., for National Cash Register Co.

## MEMORANDUM OPINION AND ORDER

McLAREN, District Judge.

This matter comes before the Court on various discovery motions by plaintiff, Technitrol, Inc. (Technitrol) and defendants Memorex Corp. (Memorex) and Ex-Cell-O Corp. (Ex-Cell-O).[1] For the reasons set forth below, Memorex's motion is granted; Ex-Cell-O's motion is granted in part, will be voluntarily complied with in part, and is denied in part; and plaintiff's motion is granted.

■ The basic dispute which gives rise to these motions involves the interpretation of this Court's ruling of September 10, 1973. In that ruling the Court ordered that discovery as to the issue of patent validity be completed within ninety (90) days. The parties are in dispute as to whether this ruling implied that discovery as to patent infringement would be stayed. In order to clarify matters, the Court has determined that the following is the most expeditious procedure to follow. Discovery as to validity and infringement will be separated, with validity discovery preceding infringement discovery. The Court presently believes that there will be two separate trials as to the issues of validity and infringement, with the validity trial preceding the infringement trial. Further, discovery as to infringement will be stayed pending the outcome of the validity trial. There are several reasons why the Court believes that this is the most expeditious procedure to follow.

At the outset, the Court premises its action on the concept that patent validity and infringement issues are significantly independent of each other. Whether a patent is valid depends upon a host of factors unrelated to a specific infringing product. See Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966). To the extent that infringing products may be "prior art," for example, they certainly affect validity; however, they do so *qua* prior art, and not *qua* infringing product. Furthermore, if infringement were inexorably tied to validity, the collateral estoppel principle as applied to validity would lose all meaning, since each case would have to be decided anew. See Blonder-Tongue Laboratories, Inc. v. Illinois Foundation, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971).

Other reasons exist for separating discovery and trial as to validity and infringement. In this case, defendants have seriously challenged the validity of plaintiff's patent. Where this is the case, a determination of invalidity would end the litigation. By separating trial and discovery and delaying both as to infringement, savings in time and costs, both to the litigants and the Court are possible. This situation is analogous to trying a legal issue (*e. g.*, a statute of limitations question) first, in order to save time and manpower later. See Manual for Complex Litigation § 1.80; Tcherepnin v. Franz, 461 F.2d 544 (7th Cir. 1972). Further, if the patent is upheld, no great loss would occur, since the total time for discovery and trial would be the same whether divided or not. With these premises in mind, the Court will direct its attention to each of the discovery motions before it.

### 1. *Memorex's Motion Under Rule 37*

■ By its motion, Memorex seeks to learn which of its products are claimed to be infringing. It does not seek to

1. Defendant National Cash Register Co.'s (NCR) motion to extend time for discovery will be ruled upon at the pretrial conference set for January 8, 1974.

learn in what respect the infringing is occurring. The plaintiff has tendered Memorex a letter providing such a listing. The Court has inspected the letter *in camera*. The Court believes that to this limited extent the plaintiff should, on the record, answer interrogatories 1–3. If discovery at a later stage indicates that Memorex is producing other infringing products, the answer can be supplemented. Assuming it filed its complaint in good faith, plaintiff has at least a basic idea as to which products are infringing. The motion is granted.

### 2. *Ex-Cell-O's Motion Under Rule 37*

Ex-Cell-O seeks answers to various interrogatories, an extension of time to complete discovery,[2] and attorney fees and expenses as provided in F.R.Civ.P. 37(a)(4).

The interrogatories were originally served on April 4, 1971. There is no explanation by either party for the delay until August 1973. Discovery to some extent was going on. Also, there was a dispute, which has delayed discovery all too long, as to who must first provide information.

Interrogatory 1 seeks to know which claims are alleged to be infringed and which are representative. Plaintiff has voluntarily responded by identifying five of the twenty-four original claims it intends to rely upon. This is sufficient; however, to the extent it can, Technitrol should list those devices it presently believes are infringing.

■■ The remaining interrogatories involve application of F.R.Civ.P. 33(c). Plaintiff has opened its files to Ex-Cell-O and made available all of the documentation requested. Ex-Cell-O asserts, however, that plaintiff must sort out the material and specifically answer each interrogatory. In the present case, however, both parties are in an equal position to sort through the material. Ex-Cell-O also has the benefit of Digi-

tal's filing system. Finally, no challenge has been made that Ex-Cell-O has not had a fair opportunity to inspect. Plaintiff is not required to structure and organize Ex-Cell-O's case. It has provided all the information available. It has also agreed to provide certain other information relating to items (a)–(o) in Defendant's Memorandum. This should be accomplished within 30 days of January 8, 1974, as should all of the other promised supplementary answers. Interrogatory 3(a) should be more fully complied with by providing the document referred to in the answer. Fees and expenses under Rule 37(a)(4) will be denied. Plaintiff's opening of its files was a good faith attempt to answer the questions. Further, the dispute as to the sequence of discovery, discussed *supra*, constituted substantial justification in opposition to the motion.

### 3. *Technitrol's Motion Pursuant to Rule 37*

Plaintiff seeks discovery regarding various defenses asserted by NCR, Ex-Cell-O and Digital which attack the validity of plaintiff's patent. The defendants assert a variety of reasons for refusing to grant plaintiff discovery.

■ First, defendants assert that infringement discovery must precede validity discovery. The Court's discussion *supra* vitiates this position. The Court has determined that the validity question common to all defendants should be litigated prior to the individual infringement questions. Next, defendants assert that the need to limit and identify the claims is present. However, plaintiff has agreed to be bound by a determination as to 5 representative claims out of the 24 claims within the patent. This is an important step in the narrowing of the issues. An appropriate pretrial order can formalize this limitation and thus limit the scope of the inquiry. Defendants also assert that they cannot

---

**2.** This will be resolved similarly to NCR's motion. See note 1.

determine which claims are invalid or how they are invalid unless they know how these claims apply to their products. However, the determination of validity transcends any individual infringement. Further, plaintiff merely seeks to know the bases for defendants' assertions and defenses regarding validity. Presumably, in order to plead the defense of invalidity, defendants must have had some knowledge of facts which might render plaintiff's patent invalid. Certainly, some discovery as to construction of claims is allowable; however, this may not be used to compel full scale discovery as to infringement, since the Court's desire to create savings through the separation procedure would be lost. The Court therefore orders that to the extent they have the information, defendants should respond to plaintiff's discovery requests.[3]

It is so ordered.

---

3. Defendants also urge that plaintiff has not complied with Local Rule 12(d) which requires prior consultation between counsel. Plaintiff has formally met the requirements of the rule. Although the Court might prefer that more lengthy consultations take place, and hopes they take place in the future, in order to expedite matters, and since the formal requirements were met, the Court has considered the motion.