Linda V. **MILLER**, et al., Plaintiffs,

v.

Eric **PRUNEDA**, et al., Defendants.

Civ.A. No. 3:02–CV–42.

United States District Court,
N.D. West Virginia,
Wheeling Division.

July 20, 2004.

---

Jimmy L. Hill, Ritchie Law Firm, PLC, Winchester, VA, Michael D. Lorensen, Bowles, Rice, McDavid, Graff & Love, LLP, Martinsburg, WV, for Plaintiffs.

William Prentice Young, Martinsburg, WV, Kerrie Wagoner Boyle, P. Gregory Haddad, Maccorkle, Lavender, Casey & Sweeney, PLLC, Keith C. Gamble, Pullin, Fowler & Flanagan, PLLC, Morgantown, WV, for Defendants.

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL

SEIBERT, United States Magistrate Judge.

On July 14 2004, came Plaintiffs, by Jimmy Hill, Esq. and Defendant, State and County Mutual Fire Insurance Company (State), by P. Gregory Haddad, Esq. and Defendants, Calamitas Ad Caducuem, Inc. and Karen Selders by Mark McGhee, Esq. for a hearing on Plaintiffs' Motion to Compel. Testimony was not taken, and other evidence was not introduced.

## I. *Introduction*

A. *Background.* Plaintiffs filed this complaint on April 4, 2002 in the Circuit Court of Berkeley County, West Virginia. On May 1, 2002, Defendant Carlos De Luna removed the case to the United States District Court for the Northern District of West Virginia. Plaintiffs allege the Defendants violated the West Virginia Unfair Trade Practices Act (UTPA) (W. Va.Code § 33–11–1, *et seq.* (2004)) when adjusting the personal injury and property damage allegedly inflicted on the Plaintiffs Miller and Parkinson and Miller's vehicle.

The parties engaged in discovery and a dispute arose. Plaintiffs filed a Motion to Compel Discovery on June 23, 2004. On June 25, 2004 the matter was referred to me by the Honorable W. Craig Broadwater, District Judge.[1] On July 6, 2004, Plaintiffs filed an Amended Motion to Compel. Defendant State filed a response to Plaintiffs' Amended Motion to Compel on July 9, 2004. A hearing on the Motion to Compel was held on July 14, 2004.

B. *The Motions.*

Plaintiffs' Motion and Amended Motion to Compel.[2]

C. *Decision.* The Motion to Compel is GRANTED in part and DENIED in part as hereinafter set forth.

## II. *Facts*

Plaintiffs served their First Set of Interrogatories and Requests for Production of Documents on Defendant State on April 23, 2004. State responded to these discovery requests May 21, 2004. On June 7, 2004, State filed a Motion to Withdraw and Permitting Substitution of Counsel. On June 16, 2004, counsel for Plaintiffs attempted to notify Dale Buck, Esq., former counsel for State, that his client's responses were not adequate and requested supplementation. On June 25, 2004, Judge Broadwater granted State's Motion to Substitute Counsel and substituted Mr. Haddad for Mr. Buck as counsel for State.

## III. *Plaintiffs' Motion to Compel*

A. Contentions of the Parties

Plaintiffs contends that a good faith effort has been made to resolve the discovery dispute without court action and that State should be ordered to completely and fully respond to Interrogatory (hereinafter "I") Nos. 1, 2, and 3 from the First Set of Interrogatories and Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14 and 15 from the Requests for Production of Documents (hereinafter "R").

State contends that it exercised due diligence in responding to the requests for discovery and that the answers and responses are complete. In addition, State argues that certain requests should not be permitted due to the Plaintiffs failure to make a good-faith effort to confer prior to filing their Motion to Compel. Lastly, State asserts that certain materials the Plaintiffs seek to discover are not discoverable because they are either not relevant to the current proceeding or are protected under the attorney-client privilege or work product doctrine.

B. The Standards.

1. *Discovery—Scope.* "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)." Fed.R.Civ.P. 26(b)(1).

■ 2. *Discovery—Scope.* A party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). In addition, "the discovery rules are given 'a broad and liberal treatment.'" *Nat'l Union*

---

1. Doc. No. 111.

2. Doc. Nos. 109 and 113.

*Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc.,* 967 F.2d 980, 983 (4th Cir.1992) (quoting *Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947)). However, the discovery sought must be relevant. Fed.R.Civ.P. 26(b)(1); *see also St. Bernard Sav. and Loan Ass'n v. Levet,* Civ. A. No. 91–4493, 1993 WL 386321, at *1 (E.D.La. Sept. 16, 1993) (stating that "the Rule 26 requirement that material sought in discovery be relevant should be firmly applied and courts should exercise appropriate control over the discovery process").

■ 3. *Discovery—Relevancy.* A court must strike a balance between the broad scope of the rules of discovery and the discovery of relevant evidence that is ultimately deemed admissible or inadmissible at trial. The test for relevancy under the discovery rules is necessarily broader than the test for relevancy under Rule 402 of the Federal Rules of Evidence. Fed.R.Civ.P. 26(b)(1) ("relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). In striking the appropriate balance between these two tensions, "[d]istrict courts enjoy nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failures to comply with its discovery orders." *Hinkle v. City of Clarksburg, West Virginia,* 81 F.3d 416, 426 (4th Cir.1996) (citations omitted).

4. *Discovery—Duty to Supplement.* Once the discovery process has commenced, a party has "a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed.R.Civ.P. 26(e)(2).

■ 5. *Discovery—Duty to Respond Fully and Completely—No Gamesmanship.* Parties must respond truthfully, fully and completely to discovery or explain truthfully, fully and completely why they cannot respond. Gamesmanship to evade answering as required is not allowed. *Hansel v. Shell*

*Oil Corporation,* 169 F.R.D. 303 (E.D.Pa. 1996).

6. *Discovery—Limits—Claims of Privilege.* A claim of privilege must be express and the nature of the communication, document or thing described with particularity. Fed.R.Civ.P. 26(b)(5). The 1993 advisory committee notes to Rule 26(b)(5) state this section requires notification to other parties that a claim of privilege is being made. The advisory committee notes provide that withholding of material without notice is contrary to the rule, subjects the party to sanctions and may be viewed as a waiver. Rule 26.04(2) of the Local Rules of Civil Procedure provides detailed requirements for claims of privilege.

■ 7. *Discovery—Claims of Privilege—Waiver.* The advisory committee notes to Rule 26(b)(5) of the Federal Rules of Civil Procedure make clear that failure to comply with the rule may constitute a waiver of privilege. When a party files a boiler plate objection, refuses to comply with the rule and the Court finds the request is not patently improper, finding waiver of privilege is appropriate. *Pham v. Hartford Fire Ins. Co.,* 193 F.R.D. 659, 662 (D.Colo.2000).

■ 8. *Discovery—Objections to Interrogatories.* All objections must be stated with specificity and any objection not raised is waived. Fed.R.Civ.P. 33(b)(4). "Mere recitation of familiar litany that interrogatory is 'overly broad, burdensome, oppressive, and irrelevant'" does not suffice as specific objection. *Momah v. Albert Einstein Medical Center,* 164 F.R.D. 412, 417 (E.D.Pa.1996) (quoting *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir.1982)).

9. *Discovery—Production of Documents.* "Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents...or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party

upon whom the request is served." Fed. R.Civ.P. 34(a).

10. *Discovery—Requests for Production—Objections.* While Rule 34 of the Federal Rules of Civil Procedure does not contain the same specificity and waiver provisions as Rule 33 of the Federal rules of Civil Procedure, the Advisory Committee notes to Rule 34 state that "the procedure provided for in Rule 34 is essentially the same as that in Rule 33." *Pulsecard v. Discover Card Services, Inc.,* 168 F.R.D. 295, 303 (D.Kan.1996).

11. *Discovery—Motion to Compel.* "If a deponent fails to answer a question propounded or submitted under Rules 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a), or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request." Fed.R.Civ.P. 37(a)(2)(B).

12. *Discovery—Interrogatories—Preparation.* A party answering interrogatories is required to provide information that is available to it and can be produced without undue labor and expense. *Cinema Amusements, Inc. v. Loew's Inc.,* 7 F.R.D. 318, 321 (D.Del.1947) (cited with approval in *Krantz v. United States,* 56 F.R.D. 555, 557 (W.D.Va. 1972)). Interrogatories cannot require the responding party to make extensive investigations or conduct complex research. *See Fischer & Porter Co. v. Sheffield Corp.,* 31 F.R.D. 534, 536 (D.Del.1962) (holding that an interrogatory requiring a party to investigate all of its employees for an eight-year period to discover if they had certain information was burdensome and oppressive).

C. Discussion

*Good–Faith Effort to Confer*

State argues Plaintiffs' Motion and Amended Motion to Compel should not be permitted because the Plaintiffs failed to make a good-faith effort to confer with counsel for State prior to filing the instant Motion to Compel. Fed.R.Civ.P. 37(a)(2)(B) states that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." Furthermore, this District's Local Rules elaborate on the requirements of Rule 37 and state that "counsel for each party shall make a good faith effort to meet in person or by telephone to narrow the areas of disagreement to the greatest possible extent." L.R. Civ. P. 26.04(b).

In the instant case, counsel for Plaintiffs attempted to confer with Mr. Buck on June 16, 2004 by telephone and facsimile. Counsel for Plaintiffs failed to receive any response and submitted its motion to compel seven days later on June 23, 2004. Counsel for State argues that counsel for Plaintiffs was aware that State was seeking permission to substitute counsel and should have contacted its new counsel or waited for a longer period of time before filing their motion to compel. The undersigned finds both of these arguments to be without merit. First, counsel for Plaintiffs was not required to contact State's new counsel as long as Mr. Buck was counsel of record. Judge Broadwater did not grant State's Motion to Substitute Counsel until June 25, 2004, two days after counsel for Plaintiffs filed their Motion to Compel. Therefore, Mr. Buck was counsel of record up until June 25, 2004, and counsel for Plaintiffs is only required to attempt to confer in good faith with counsel of record. Furthermore, counsel for Plaintiffs waited seven (7) days before filing their Motion to Compel. Seven days is a reasonable amount of time to wait for a response to an attempt to confer. Therefore, the Plaintiffs made a good faith effort to confer with State and this court will decide Plaintiffs' current motion on its merits.

*Interrogatories and Requests for*

*Production of Documents* [3]

1. I 1

The interrogatory is as follows:

Please state the number of first and third party claims you have handled as an insurer in the State of West Virginia.

■ Concerning the request for first-party claims, State argues that first-party claim are not relevant to the instant case because this action deals with a third-party claim. First-party claims are not relevant to third-party claims. Therefore, Plaintiffs are not entitled to any information concerning State's involvement with first-party claims in the state of West Virginia.

Concerning third-party claims, its is unclear in State's response whether there has ever been a third-party claim filed in the state of West Virginia against State or any person adjusting on its behalf. During the evidentiary hearing, counsel for State clarified its response and stated that there has never been a third-party claim against State as an insurer or as an adjustor in the state of West Virginia. In addition, counsel for State stated that there has never been a third-party claim against any company adjusting claims on behalf of State. Since State's interrogatory response was not clear, State is ordered to re-answer the part of I 1 concerning third-party claims.

Therefore, Plaintiffs' Motion to Compel responses to I 1 is GRANTED IN PART and DENIED IN PART and State shall re-answer the part of I 1 concerning third-party claims on or before August 6, 2004.

2. I 2 and R 2

The interrogatory is as follows:

Please state whether there was a written contract governing the relationship in the underlying case, between Defendant State and County Mutual Fire Insurance Company, or any entity on its behalf, and Defendant Crittenden Adjustment Company.

The request is as follows:

True and accurate copies of any and all written contracts government the relation-

ship in the underlying case, between Defendant State and County Mutual Fire Insurance Company, or any entity on its behalf, and Defendant Crittenden Adjustment Company, as acknowledged in your Answer to Plaintiffs' Interrogatory Number 2.

■ In its response to both requests, State stated that it presently has no contract or written agreement and has not, in the past, had any such contract or written agreement with Crittenden Adjustment Company. State then went on and stated, "Moreover, without acknowledging that any other entity may properly be characterized as operating on its behalf, State and County would represent that the policy in question was written by Truck Services, Inc..." This response is improper due to the fact that State fails to clearly state whether Truck Services is an agent acting on its behalf. The interrogatory and request for production of documents requested State to state whether there was a written contract governing the relationship between Crittenden and any agent acting on behalf of State. State failed to clearly respond to both requests.

Therefore, Plaintiffs' Motion to Compel responses to I 2 and R 2 is GRANTED and State shall re-answer the requests on or before August 6, 2004.

3. I 3 and R 3

The interrogatory is as follows:

Please provide a detailed statement of any directives or other instructions, guidance, etc. provided by Defendant State and County, or any entity on its behalf, to Defendant Crittenden, in the adjustment of the underlying case.

The request is as follows:

True and accurate copies of any and all written directives or other instructions, guidance, etc. provided by Defendant State and County, or any entity on its behalf, to Defendant Crittenden, in the adjustment of the underlying case, as acknowledged in

---

**3.** For the purposes of simplicity, the Court has taken the interrogatories and requests for pro-

duction of documents and grouped them according to the similarity of the information sought.

your Answer to Plaintiffs' Interrogatory Number 3.

■ In its response to I 3, State states that it never gave instructions or directives to Crittenden with respect to the Plaintiffs' claims in the underlying case. During the evidentiary hearing, counsel for Plaintiffs stated that he received a letter in response to R 3 from an employee of State giving specific instructions to Ms. Selders, an employee of Crittenden, about the underlying case. In response to this information, counsel for State stated that if counsel for Plaintiff received the letter, the interrogatory and request for production have been fully answered. However, State's interrogatory response remains inadequate because it failed to state specifically that certain documents were provided to the Plaintiffs in response to the discovery request. A party is required to fully answer an interrogatory and is not permitted to give general responses or to state something that is not true. "[A party] cannot escape responsibility of providing direct, complete and honest answers to interrogatories with the caviler assertion that required information can be found in this massive amount of material. Rather [a party] must state specifically and identify precisely which documents will provide the desired information." *Martin v. Easton Pub. Co.*, 85 F.R.D. 312, 315 (E.D.Pa.1980). Furthermore, "... [T]he point of interrogatories is to obtain a party's admissions and contentions under oath and to narrow the issues in the case. Documents and testimony are not infrequently subject to varying interpretations and therefore simply referring defendant to whatever it might find therein does not comply with the court's order ..." *Life Music, Inc. v. Broadcast Music, Inc.*, 41 F.R.D. 16, 26 (S.D.N.Y.1966). The Plaintiffs requested a detailed statement of any directives or instructions provided by State to Crittenden. State is required to explicitly state which documents relate to the request and to whom they were submitted.

Therefore, Plaintiffs' Motion to Compel responses to I 3 and R 3 is GRANTED and State shall re-answer the requests on or before August 6, 2004.

4. R 4 and 5

■ Plaintiffs request a copy of the State's claims file along with diaries, notes, and memos related to the underlying action. State provided counsel for Plaintiffs a copy of all non-privileged documents and submitted a privilege log to the Court. However, State failed to submit the documents it alleges are privileged to this Court for an *in camera* review.

Therefore, State shall provide the documents it claims are privileged in response to these requests on or before July 23, 2004.

5. R 6, 7, 8, 9

Plaintiffs request State to produce certain post-litigation documents found in the claims file. In light of *Barefield v. DPIC Companies, Inc.*, 215 W.Va. 544, 600 S.E.2d 256 (2004), State is ordered to file a privilege log and the documents it claims to be privileged for an *in camera* review by this Court on or before August 6, 2004.

6. R 10

The request is as follows:

True and accurate copies of the complaint register maintained pursuant to W. Va.Code § 33–11–4(10)

During the evidentiary hearing, counsel for State explained that his client does not maintain and is not required to maintain a complaint register in the state of West Virginia due to State's corporate formation. However, State's response to the Plaintiff's request did not state this. Therefore, State is ordered to re-answer this request and state that it, nor any of its agents, maintain a complaint register in West Virginia.

Therefore, Plaintiffs' Motion to Compel responses to R 10 is GRANTED and State shall re-answer the request on or before August 6, 2004.

7. R 11

The request is as follows:

True and accurate copies of the complete claims file (as more specifically state in No. 4 above) for any first-party claims asserted

by your insured arising out of this same collision.

As discussed *supra*, the instant action is a third-party claim and not a first-party claim. Therefore, any information concerning State's involvement in first-party claims is not relevant to this action.

Plaintiffs' Motion to Compel responses to R 11 is DENIED.

### 8. R 12

The request is as follows:

> Please produce, for inspection only (with possible subsequent requests for copying of relevant portions only) any and all files relating to claims brought directly against this defendant for bad faith, unfair claims settlement practices, or other extra-contractual damages, in the State of West Virginia, from 1998 to present.

■ In *Jenkins v. J.C. Penney Casualty Ins. Co.*, the Supreme Court of Appeals of West Virginia held that a private cause of action exists for violations of the UTPA by an insurance company. 167 W.Va. 597, 280 S.E.2d 252 (1981). The first sentence of the Act states, "No person shall commit or perform with such *frequency* as to indicate a general business practice any of the following:" (Emphasis added). The *Jenkins* Court stated, "it does seem clear that more than a single isolated violation of W. Va., 33–11–4(9), must be shown in order to meet the statutory requirement of an indication of a 'general business practice,' which requirement must be shown in order to maintain the statutory implied cause of action." *Id.* at 260. The court then went on to explain that proof of violations by the same insurance company was sufficient to establish the indiction of a general business practice. *Id.* "Proof of other violations by the same insurance company to establish the frequency issue can be obtained from other claimants and attorneys who have dealt with such company and its claims agents, or from any person who is familiar with the company' general business practice in regard to claim settlement." *Id.*

In the instant case, it appears that the Plaintiffs are attempting to prove their allegations that State has a general business practice of acting in bad faith by presenting evidence that State has previously acted in bad faith in the state. A party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party... Relevant information need not be admissible at the trial if the discovery appears reasonable calculated to lead to the discovery of admissible evidence." Fed. R.Civ.P. 26(b)(1). In addition, "the discovery rules are given 'a broad and liberal treatment.'" *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc.*, 967 F.2d 980, 983 (4th Cir.1992) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947)). However, the discovery sought must be relevant. Fed. R.Civ.P. 26(b)(1); *see also St. Bernard Sav. and Loan Ass'n v. Levet*, Civ. A. No. 91–4493, 1993 WL 386321, at *1 (E.D.La. Sept. 16, 1993) (stating that "the Rule 26 requirement that material sought in discovery be relevant should be firmly applied and courts should exercise appropriate control over the discovery process").

The West Virginia Supreme Court clearly stated in *Jenkins* that a plaintiff is permitted to obtain evidence of past violations by an insurance company in order to prove that the insurance company engaged in the general business practice of unfair claims. Proof of multiple past breaches by an insurance company is required to prove that the company has a general business practice of acting in bad faith. Therefore, this Court finds that previous bad faith/UTPA cases involving State in West Virginia are relevant to the instant action because they are needed to prove the "general business practice" element found in UTPA.

Plaintiff's Motion to Compel responses to R 12 concerning third-party claims is GRANTED and State shall fully respond on or before August 6, 2004.

### 9. R 13

The request is as follows:

> True and accurate copies of the cover, table of contents, auto bodily injury claims, auto property damage claims, and any other portion of defendant's claims manual

deemed to be relevant to the subject matter herein.

■ The undersigned finds portion of State's claims manuals to be relevant to this action. Therefore, State or any other person who has any kind of legal relationship with State shall provide its claims manuals.

Plaintiffs' Motion to Compel responses to R 13 is GRANTED and State shall fully respond on or before August 6, 2004.

### 10. R 14

The request is as follows:

A true and accurate hard copy of any computer log or other data relating to the subject claim which does not otherwise appear in the claims file and was not otherwise produced in response to a previous request.

The undersigned find the claims file and documents relating to the file are relevant to the action. Therefore, State shall produce the requested information or file a privilege log along with the documents it claims are privileged to the Court for an *in camera* review.

Plaintiffs' Motion to Compel responses to R 14 is GRANTED and State shall fully respond on or before August 6, 2004.

### 11. R 15

■ The request is as follows:

True and accurate copies of any document not otherwise produced upon which you may rely at trial.

The undersigned finds this request to be overly broad and inappropriate. According to the March 26, 2004 Scheduling Order,[4] the Plaintiffs are entitled to receive a trial exhibit list on or before January 17, 2005. State is not required to produce the documents that it plans on relying on at trial until that time in response to an overly broad question.

Therefore, Plaintiffs' Motion to Compel responses to R 15 is DENIED.

### IV. Decision

It is ORDERED that:

(1) Plaintiffs' Motion to Compel responses to Interrogatories Nos. 2 and 3 from the First Set of Interrogatories is GRANTED and the State shall file full responses on or before August 6, 2004.

(2) Plaintiffs' Motion to Compel responses to Interrogatory No. 1 is GRANTED IN PART and DENIED IN PART and State shall file full responses on or before August 6, 2004.

(3) Plaintiffs' Motion to Compel responses to Request for Production of Documents Nos. 2, 3, 10, 12, 13 and 14 is GRANTED and the State shall file full responses on or before August 6, 2004.

(4) Plaintiffs' Motion to Compel responses to Request for Production of Documents Nos. 11 and 15 is DENIED.

(5) Plaintiffs' Motion to Compel responses to Request for Production for Documents No. 4, 5, 6, 7, 8, and 9 will be decided after *in camera* review of the documents.

(6) State shall file the documents it claims are privileged from its claims file on or before July 23, 2004 for an *in camera* review.

(7) State shall file a privilege log and the documents it claims are privileged from the claims file regarding post-litigation conduct on or before August 6, 2004 for an *in camera* review.

Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

Filing of objections does not stay this Order.

The Clerk of the Court is directed to mail a copy of this Order to parties who appear

4. Docket Number 87.

pro se and any counsel of record, as applicable.