**Craig KEMP, et al., Plaintiffs,**

v.

**William HARRIS, et al., Defendants.**

**No. WDQ–08–0793.**

United States District Court, D. Maryland, Northern Division.

Sept. 22, 2009.

Christie P. Needleman, The Needleman Law Office LLC, Baltimore, MD, Matthew Evan Bennett, Law Office of Matthew E. Bennett, Silver Spring, MD, for Plaintiffs.

Jefferson L. Blomquist, Funk and Bolton PA, Troy Alfred Wiley Priest, Stroud & Priest LLC, James Howard Fields, Joseph E. Spicer, Jones and Associates PC, Neal Marcellas Janey, Jr., Baltimore Police Department, Office of Legal Affairs, David E. Ralph, Law Offices of David E. Ralph LLC, Baltimore, MD, for Defendants.

## MEMORANDUM AND ORDER

PAUL W. GRIMM, United States Magistrate Judge.

This Memorandum and Order addresses Defendant's Motion for Sanctions or, Alternatively, to Compel Responses to Harris' Written Discovery, Paper No. 62; Plaintiffs' Response to Defendant Harris' Motion for Sanctions or, Alternatively, to Compel Responses to Harris' Written Discovery, Paper No. 70; and Officer Harris' Reply to Plaintiff's Response to Motion for Sanctions or, Alternatively, to Compel Responses to Harris' Written Discovery, Paper No. 71.[1] I find that a hearing is unnecessary in this case. *See* Local Rule 105.6. The plaintiffs assert that they have complied with the defendant's discovery requests. Pl.'s Resp. ¶ 6. However, counsel for Harris asserts that the responses provided are incomplete or evasive. Def.'s Reply ¶¶ 2–3. For the reasons stated herein, Harris's motion is DENIED IN PART and GRANTED IN PART. This Memorandum and Order disposes of Paper Nos. 62, 70, and 71.

On December 4, 2008, before the Scheduling Order was entered, Defendant Harris served Interrogatories and Document Requests on all seventeen plaintiffs. Def.'s Mot. ¶ 1; Def.'s Mot., Ex. 1–34, Paper Nos. 62–2–62–13. In doing so, he violated Fed. R.Civ.P. 26(d)(1) (stating that "[a] party may not seek discovery from any source before

---

1. This case has been referred to me by Judge Quarles to resolve discovery disputes and related scheduling matters. Paper No. 64.

the parties have conferred as required by Rule 26(f)") and Local Rule 104.4 (stating that "discovery shall not commence and disclosures need not be made until a scheduling order is entered"). The Court entered a Scheduling Order, Paper No. 59, on May 18, 2009, requiring the plaintiffs' Fed.R.Civ.P. 26(a)(2) disclosures regarding experts by July 17, 2009, and setting a discovery deadline of September 30, 2009. On May 26, 2009, the defendant served a duplicate copy of the Interrogatories and Document Requests on all seventeen plaintiffs.[2] Def.'s Mot. ¶ 3; Def.'s Mot., Ex. 1–34, Paper Nos. 62–2–62–13. Thus, the plaintiffs' responses were due on June 25, 2009. Fed.R.Civ.P. 33(b)(2).

According to the plaintiffs, during a June 26, 2009 telephone conference among counsel, all attorneys but Defendant Harris's counsel "agreed that an extension of the deadlines in the scheduling order would be appropriate." Pl.'s Mot. ¶¶ 8–9. During a July 2, 2009 telephone conference among counsel, confirmed by e-mail later that day, Plaintiffs' counsel said that plaintiffs' responses would be served by July 31, 2009. Def.'s Mot. ¶ 4; Def.'s Mot., Ex. 37–38, Paper No. 62–13. The parties agreed that "[d]ocuments can be produced in a piecemeal fashion." Def.'s Mot., Ex. 37–38. Also, the defendants agreed that they would not object when the plaintiffs failed to designate their experts by July 15, 2009. Def.'s Mot., Ex. 38. By e-mail, the parties agreed that "Plaintiffs should be able to name their liability expert(s) by the end of July and advise if such experts will testify about the underlying incidents or about the supervisory liability."[3] *Id.*

Plaintiffs' counsel informed Defense counsel by letter on July 29, 2009, that the plaintiffs' responses would not be served by July 31, 2009. Def.'s Mot. ¶ 5; Def.'s Mot., Ex. 39, Paper No. 62–13. They wrote: "[D]espite our best efforts, we need more time to

respond to your written discovery.... Perhaps we should schedule another conference call with an eye toward revising the discovery schedule." However, Plaintiffs' counsel failed to provide a date certain by which the overdue discovery responses would be served. *See Jayne H. Lee v. Flagstaff Indus.*, 173 F.R.D. 651, 656 (D.Md.1997) ("a response to a request for production of documents which merely promises to produce the requested documents at some unidentified time in the future, without offering a specific time, place and manner, ... is treated as a failure to answer or respond ..., and the moving party is free to file a motion to compel and for sanctions pursuant to Fed. R.Civ.P. 37(a), if good faith efforts to resolve the dispute with the opposing party have failed"). Def.'s Mot., Ex. 39. With the letter, the plaintiffs provided the "Statements of Probable Cause" that the defendants had filed against them, and the court documents indicating that the State's Attorney's Office *nolle prossed* the charges. Def.'s Mot. ¶ 5.

Defense counsel e-mailed Plaintiffs' counsel on July 31, 2009, to inquire whether the plaintiffs' responses would be served that day. Def.'s Mot. ¶ 6. In reply, Plaintiffs' counsel simply "referenced his letter of July 29, 2009." *Id.*[4]

On August 3, 2009, Defense counsel filed the pending Motion with the Court, along with a Certificate of Good Faith, Paper No. 63. He asks the Court to compel the plaintiffs' responses and modify the Scheduling Order accordingly, or to drastically limit the evidence the plaintiffs may introduce in this case, apparently disregarding the fact that the potentially case-dispositive sanctions he seeks (preclusion of fact and expert witnesses, preclusion of documentary evidence, striking of damages) are not available for motions to compel discovery filed pursuant to Rule 37(a). *See* Fed.R.Civ.P. 37(a)(5)(A); *cf.* Fed.R.Civ.P. 37(b)(2)(A). The plaintiffs

---

**2.** On June 29, 2009, Defense counsel provided Plaintiffs' counsel with an electronic copy of the discovery requests. Def.'s Mot. ¶ 3 n. 1; Def.'s Mot., Ex. 35–36, Paper No. 62–13.

**3.** Plaintiffs contend that their reply e-mail, consisting solely of the word "Agreed," only indicated their agreement to the fact that defendants

would not object to their delayed designation; they insist that they did not agree to designate experts by July 31, 2009. Pl.'s Resp. ¶ 23.

**4.** These e-mails do not appear at attachments to the parties' filings. However, plaintiffs do not dispute Defendant Harris's allegations of their contents.

filed their response on August 20, 2009, and served their discovery responses the same day. Pl.'s Resp. ¶ 18. Defendant Harris alleges that "there are many insufficient discovery responses that have kept Officer Harris and his counsel in a confused and muddled state as to Plaintiff's knowledge of individuals with personal knowledge and the persons Plaintiffs intend to name as experts," because the plaintiffs failed to provide contact information for the people listed and did not indicate the extent of these potential witnesses' personal knowledge. Def.'s Reply ¶ 2–3. Further, Defendant Harris asserts in his reply that the plaintiffs have not yet designated their experts.[5] *Id.* ¶ 4.

Plaintiffs' attorneys acknowledge that they were "unable to file responses to Harris' discovery requests by July 31, 2009" and that they were "late in responding to this discovery." Pl.'s Resp. ¶ 12. They insist that they "acted in good faith in an attempt to complete discovery" by "hir[ing] an intern primarily to assist in this endeavor," but "misjudged their ability to complete the discovery responses" by the deadline. *Id.* ¶¶ 12, 14. The plaintiffs argue that Defendant Harris's counsel "did not endeavor to resolve this discovery dispute" and "did not endeavor to comply with Local Rule 104.7." *Id.* ¶ 16. The plaintiffs contend that there are no outstanding discovery requests, and that the defendant's motion should be denied. Pl.'s Resp. ¶ 6.

Fed.R.Civ.P. 37(a)(3)(B)(iii) provides that a party seeking discovery may move to compel a response if the other party fails to respond to a discovery request. Therefore, the only issues presently ripe for resolution are (1) whether the plaintiffs have responded to Harris's discovery requests (which they have); and (2) since the plaintiffs did not file responses until after Harris filed his motion, whether sanctions are appropriate pursuant to Fed.R.Civ.P. 37(a)(5)(A) ("If the motion [to compel] is granted—*or if the disclosure or requested discovery is provided after the motion was filed*—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.") (emphasis added). As to this second issue, when, as here, the requested discovery is provided only after a motion to compel has been filed, expenses and attorney's fees are mandatory, unless "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action" or "the opposing party's nondisclosure, response, or objection was substantially justified[.]" Fed. R.Civ.P. 37(a)(5)(A)(i) & (ii).

■ With respect to the second inquiry identified in Rule 37(a)(5)(A)(ii), the plaintiffs' belated discovery responses were not substantially justified. Generally, "a party meets the 'substantially justified' standard when there is a 'genuine dispute' or if 'reasonable people could differ' as to the appropriateness of the motion." *Peterson v. Hantman*, 227 F.R.D. 13, 16 (D.D.C.2005) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490, (1988)); *see also* Fed.R.Civ.P. 37(a)(4) advisory committee's notes to the 1970 amendments. Courts have

---

5. Harris's original motion was filed before the plaintiffs had filed any responses. The plaintiffs evidently filed responses with their answer (Pl.'s Resp. ¶ 18), and in his reply, Harris complains about the sufficiency of these responses. However, when a party asserts that discovery responses that have been served are substantially inadequate, the party must follow the procedures set out in Local Rule 104.8, which Harris has not done. *See* Local Rule 104.8; *Jayne H. Lee*, 173 F.R.D. at 655 (reciting Local Rule 104.8 procedures). Therefore, the issue of whether plaintiffs' responses are complete and non-evasive, as required by Fed.R.Civ.P. 37(a)(4), is not ripe for decision.

Moreover, in my discretion, I decline to consider this contention because it was not raised in Harris's motion; it did not surface until Harris's reply. *See Goodman v. Praxair Services, Inc.*, 2009 WL 1955805, *14 n. 8 (D.Md. July 7, 2009) (stating that court could not consider issue raised for the first time in reply memorandum); *Rasmussen v. Cal. DMV*, No. CV 08–1604–FMC (PLA), 2008 WL 5274611, at *2 n. 2 (C.D.Cal. Dec.17, 2008) (refusing to consider argument first raised in defendants' reply because the plaintiff was not given a chance to respond) (citing, e.g., *Nielsen v. U.S. Bureau of Land Mgmt.*, 252 F.R.D. 499, 528 n. 15 (D.Minn.2008) (noting "argument was improperly brought up by plaintiff for the first time in [a] reply, thus preventing defendants from having any opportunity to respond to it")).

concluded that "substantial justification" could include making meritorious objections to requested discovery, *Vollert v. Summa Corp.*, 389 F.Supp. 1348, 1352 (D.Haw.1975), or even engaging in a legitimate dispute over the sequence of discovery. *Technitrol, Inc. v. Digital Equipment Corp.*, 62 F.R.D. 91, 93 (N.D.Ill.1973). However, parties must sufficiently argue that they were substantially justified in their actions. *See Humphreys Exterminating Co. v. Poulter*, 62 F.R.D. 392, 394 (D.Md.1974) (noting a party's failure to explain its inaction did not constitute "substantial justification").

In their response, the plaintiffs do not provide any justification—let alone substantial—as to why the discovery responses were not provided by July 31, 2009, the date they proposed. Rather, their explanation—that they miscalculated the time necessary to complete discovery—indicates that they failed "to identify and fulfill legitimate discovery needs"; they did not " 'stop and think' " long enough to assess the time necessary to provide complete responses. *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 357–58 (D.Md.2008) (citation omitted). Thus, the Court finds that the plaintiffs are at fault for failing to provide timely responses to the Defendant's discovery requests, and that they have failed to demonstrate substantial justification for this failure.

■ However, with regard to the first inquiry identified in Rule 37(a)(5)(A)(i), the defendant failed to make a good faith effort to resolve the matter without involving the court. *See* Fed.R.Civ.P. 37(a)(1) & (5)(A). *See also* Local Rule 104.7 ("Counsel shall confer with one another concerning a discovery dispute and make sincere attempts to resolve the differences between them."). This case is markedly different from, for example, *Miller v. Pruneda*, 236 F.R.D. 277, 282 (N.D.W.Va.2004), in which the court found that the plaintiffs made a good faith effort to confer with the defendant because they waited a week after inquiring about the defendant's discovery responses before filing their motion to compel, or *Doe v. District of Columbia*, 231 F.R.D. 27, 30 (D.D.C.2005), in which the court found that the defendant made a good faith effort to confer with the

plaintiff because it "placed the plaintiff on notice" twice before sending a final demand letter. Here, although Defense counsel filed a Certificate of Good Faith, in accordance with Fed. R. Civ. Pro. 37(a)(2), the only effort he indicated was the e-mail he sent on July 31, 2009. Defense counsel disregarded Plaintiffs' counsel's suggestion that the parties schedule a conference call to address the discovery schedule. Indeed, Defense counsel moved for sanctions on the next business day after he sent the e-mail. Therefore, notwithstanding his certification, Defense counsel did not make a good faith effort. *See Mancia*, 253 F.R.D. at 357–58. Because of this failure to engage in a good faith effort to resolve the dispute, the Court will not assess costs against the plaintiffs.

In the alternative, Defendant Harris requests sanctions. Specifically, he asks the Court to preclude the plaintiffs from offering certain evidence in this case. Such a sanction is not available under Rule 37(a). *See* Fed.R.Civ.P. 37(a) (providing only for payment of expenses and protective orders). Therefore, Defendant Harris's request for sanctions is DENIED.

In concluding, I observe that this entire dispute could, and should, have been avoided had counsel cooperated in the conduct of discovery, as they are obligated to do. *See Mancia*, 253 F.R.D. at 358 (stating that Rule 26(g) "requires cooperation rather than contrariety, communication rather than confrontation" during discovery). Instead, Harris served discovery requests in clear disregard of the prohibition against doing so in advance of the issuance of a scheduling order, and the plaintiffs clearly failed to conduct the inquiry required by Fed.R.Civ.P. 26(g). *See* Fed. R.Civ.P. 26(g) Advisory Committee Notes to 1983 Amendments (Rule 26(g) "requires that the attorney make a reasonable inquiry into the factual basis of his response, request, or objection."). Also, they sought and obtained an extension of time to respond by a promised date which they did not meet, and failed to provide a date certain by which they would do so. Further, their belated responses assertedly are incomplete or evasive, in violation of Fed.R.Civ.P. 37(a)(4), which provides that "an evasive or incomplete disclo-

sure, answer, or response must be treated as a failure to disclose, answer, or respond."

To avoid repetition of these errors, counsel are to:

(1) meet and confer regarding Harris's contention that the plaintiffs' responses violate Rule 37(a)(4), and plaintiffs will supplement their responses within five business days of that meeting, which shall occur within ten business days of this Order.

(2) Discuss a revised pretrial schedule which they shall jointly submit to me within fourteen business days of this Order for review and approval.