Anthony MADISON, et al., Plaintiffs,

v.

**HARFORD COUNTY, MD,
et al., Defendants.**

No. MJG–10–197.

United States District Court,
D. Maryland,
Northern Division.

Aug. 19, 2010.

---

Omar Jerod Simpson, The Simpson Firm, Edgewood, MD, for Plaintiffs.

Robert S. McCord, Harford County Department of Law, Bel Air, MD, for Defendants.

### MEMORANDUM AND ORDER

PAUL W. GRIMM, United States Magistrate Judge.

This Memorandum and Order addresses the Motion for an Order Compelling Disclosure and Discovery that Plaintiffs Anthony Madison *et al.* filed, Paper No. 30; Defendant Jesse Bane's Opposition and Memorandum in Support, Paper Nos. 31 and 31–1; and Plaintiffs' Reply, Paper No. 32. Having held a telephone conference on the matter, I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the reasons stated herein, Plaintiffs' Motion for an Order Compelling Disclosure and Discovery is DENIED. This Memorandum and Order disposes of Paper Nos. 30, 31, and 32.

This case was originally filed in federal court on January 26, 2010. Paper No. 1. Plaintiffs propounded interrogatories on March 17, 2010. Pls.' Mot. ¶ 3. On July 22, 2010, Plaintiffs filed the pending motion, alleging that Bane failed to answer their discovery requests. Pl.'s Mot. ¶ 3. With their motion, Plaintiffs filed what purported to be a Local Rule 104.7 certificate, stating in conclusory terms and without the particularity required by Local Rule 104.7 that they "in good faith conferred or attempted to confer with the Defendant Sherriff [sic] Bane's counsel in an effort to obtain productions of the documents requested . . . ." Paper No. 30–2. Defendant Bane's Opposition pointed out the deficiencies in this certificate. In their Reply, Plaintiffs allege that their counsel "attempted to contact and coordinate discovery with Defendant's counsel by contacting them at the phone numbers they provided," Pl.'s Reply ¶ 3, which again failed to provide the detail required by Local Rule 104.7. Plaintiffs contend that their documents requests required Bane to provide a response pursuant to Rule 26(a)(1), independently of the Rule 34 discovery request, but Bane did not do so. *Id.* ¶¶ 5–6.

Rule 37(a)(1) requires that, prior to filing a motion to compel disclosure or discovery, the moving party "in good faith [must have] conferred or attempted to confer with the party failing to make disclosure or discovery in an effort to obtain it without court intervention." Similarly, Local Rule 104.7(a)-(c) states that a discovery motion will not be heard "unless the moving party has filed a certificate reciting (a) the date, time and place of the discovery conference, and the names of all persons participating therein, or (b) counsel's attempts to hold such a conference without success; and (c) an itemization of the issues requiring resolution by the Court." Plaintiffs' so-called certificate does not contain any of the details required by Local Rule 104.7. Thus, the efforts Plaintiffs' counsel claims to have made are unsubstantiated. Moreover, Plaintiffs' counsel only claims to have "attempted to contact" Defense counsel. That is a far cry from conferring in good faith. *See Kemp v. Harris*, 263 F.R.D. 293, 297 (D.Md.2009) (sending one email was not good faith effort). Because Plaintiffs' certificate is defective, the Court is not required to hear their motion, but chose to do so to resolve this dispute and

provide guidance that, it is hoped, will reduce the likelihood of future discovery disputes.

More fundamentally, Plaintiffs should not have initiated any discovery in this case. Local Rule 104.4 states that "discovery shall not commence . . . until a scheduling order is entered." No such scheduling order has been entered. Additionally, Fed.R.Civ.P. 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," subject to certain exceptions which do not apply here. A discovery conference has not occurred yet. Therefore, discovery efforts are premature and Plaintiffs' motion does not comply with Fed.R.Civ.P. 26(d)(1) or 37(a)(1), or Local Rule 104.4 or 104.7. Further, given Plaintiffs' failure to comply with clearly-identified and long-established rules of procedure and local rules, it is clear that Plaintiffs' filing of discovery violated Rule 26(g) (requiring signature certifying that discovery filing is consistent with rules of procedure).

 It is true that, with exceptions not relevant here, Rule 26(a)(1)(A) provides that a party must make certain initial disclosures "without awaiting a discovery request." However, Rule 26(a)(1)(C) provides that "[a] party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order. . . ." As noted, the 26(f) conference has not occurred yet. Therefore Bane's obligation to make Rule 26(a)(1) disclosures has never commenced.

 Nonetheless, Plaintiffs made a discovery request, however improper, and, pursuant to Fed.R.Civ.P. 34(b)(2)(A), "[t]he party to whom the [discovery] request is directed must respond in writing within 30 days after being served." A response could be substantive or in the form of an objection. Alternatively, a party could file a motion for a protective order pursuant to Rule 26(c), asking the Court to rule that the party did not have to respond to the discovery request. Any of these options would have been an appropriate response by Bane, but what clearly was not proper is what he did or, more accurately, failed to do. He failed to file any written response or motion for protective order, and

he simply ignored Plaintiffs' Rule 34 request. This was improper.

I further note that neither Plaintiffs' counsel nor Defendant Bane's counsel complied with their obligation to cooperate with respect to planning and executing discovery or resolving discovery disputes. *See Mancia v. Mayflower Textile Services Co.,* 253 F.R.D. 354, 357–58 (D.Md.2008) ("[T]he 'spirit and purposes' of these discovery rules requires cooperation by counsel to identify and fulfill legitimate discovery needs, yet avoid seeking discovery the cost and burden of which is disproportionally large to what is at stake in the litigation. Counsel cannot 'behave responsively' during discovery unless they do both, which requires cooperation rather than contrariety, communication rather than confrontation"); Guideline 1.a of the Discovery Guidelines for the United States District Court for the District of Maryland, D. Md. Loc. R.App. A (Dec. 1, 2009), http://www.mdd.uscourts.gov/localrules/localrules August09v3.pdf. ("The parties and counsel have an obligation to cooperate in planning and conducting discovery to tailor the discovery to ensure that it meets these objectives. Counsel have a duty to confer early and throughout the case as needed to ensure that discovery is planned and conducted consistent with these requirements and, where necessary, make adjustments and modifications in discovery as needed."). Had they done so, this dispute never would have reached the Court for resolution.

Separate and apart from the issue of when discovery should commence in general, is the issue of whether any discovery from Defendant Bane should take place during the pendency of his Motion to Dismiss, Paper No. 20. Because this motion is ripe and ready for resolution, I am ordering that no discovery take place regarding Plaintiffs' claims against Bane until after this Court has ruled on Bane's Motion to Dismiss. If the motion is denied, discovery may proceed once the Court issues a scheduling order.

Plaintiffs' motion to compel is DENIED. Although I am not imposing sanctions, Counsel are directed to read this Court's Local Rules and Discovery Guidelines, paying particular attention to amended Guideline 1 and

its cooperation requirements. Because the Court has not issued a scheduling order and Fed.R.Civ.P. 26(a)(1)(A), 26(f), and Local Rule 104.4 have not been implicated, no discovery may be taken until a scheduling order is in place. Once the Court issues a scheduling order, the parties should confer regarding the timing of document production.

Additionally, as noted in my August 16, 2010 Letter Order, it would be helpful for Mr. Simpson to file a new status report that lists each of the defendants currently in the case by name, if known, and which indicates whether that defendant has been served and if so, the date of service and whether a notice of service was filed with the Court. Next to each defendant that has not been served, the report needs to indicate the status of service on that defendant. This status report should be filed within fourteen (14) days of the date of this Memorandum and Order.

So ordered.